Lowell Dewayne JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–92–344–CR.

Court of Appeals of Texas, Corpus Christi.

June 10, 1993.

Ross Teter, Dallas, for appellant.

John C. Vance, Karen R. Wise, Jeanine Howard, Dist. Attorney's Office, Dallas, Robert Huttash, State Prosecuting Atty., Austin, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

SEERDEN, Justice.

Pursuant to a plea bargain, appellant was convicted of forgery, sentenced to five years in prison, and fined $300. We affirm.

■ In his first point of error, appellant contends the evidence is insufficient to support his guilty plea. The evidence which the State introduced to support appellant's guilty plea was a preprinted form titled "Defendant's Waivers and Judicial Confession." The form contained blank spaces to be filled in with the offense committed and lines for the appellant, his counsel, the prosecutor, and the trial court to sign. The form was completely executed and appears regular in all respects. By way of this document, appellant consented to the stipulation of evidence and waived certain rights as required by the Code of Criminal Proce-

dure.[1] The document contains the initial recitation that appellant came in open court and "makes the following voluntary statement." Thereafter, among other statements, appellant states:

> I do further admit and judicially confess that I am the person named in the charging instrument and that I understand the charge contained therein and: I am guilty of the offense of forgery, a third degree felony, as charged in the indictment, exactly as alleged in the charging instrument including any amendments or modifications thereto and I confess that I did unlawfully commit the said offense in Dallas County, Texas on the 25 day of September 1991.

Later in the document, appellant agrees that the trial court may consider the judicial confession as evidence. Finally, appellant states:

> Having read all of the above waivers, consents, agreements and statements and having had them explained to me by my attorney, I now request the Court to accept them and I state that they are made voluntarily, knowingly, and intelligently and I further state that the statements contained in my judicial confession are true and correct.

The document is signed by appellant, witnessed by his counsel, and contains the approval of the prosecutor and the trial court. Other than the above-described preprinted form, the State offered no documentary evidence in support of the plea. The State asserts that appellant's admission of guilt contained within the document is sufficient to constitute a judicial confession. Appellant acknowledges that a judicial confession alone is sufficient to support a plea,[2] but he contends that the prepared document does not constitute a judicial confession because it (1) is unsworn, (2) is not evidentiary, (3) does not establish the

elements of the offense, and, (4) is too vague in its use of the term "charging instrument."

For his first contention, appellant cites *Glover v. State*, 486 S.W.2d 783 (Tex.Crim. App.1972), for the proposition that a confession becomes a judicial confession only if made under oath and in open court. *Glover*, however, does not hold this. In addressing a sufficiency challenge, the *Glover* Court merely mentioned that the defendant entered into sworn, written stipulations of evidence wherein he confessed to the commission of the offense and that these were sufficient to constitute a judicial confession. The *Glover* Court never addressed the requisites of a judicial confession.

In the present case, appellant's statement was offered and admitted into evidence. The statement, though not sworn to, was witnessed by appellant's counsel and approved by the prosecutor and trial judge. We find no authority that appellant was additionally required to swear to the statement.

■ Appellant next asserts that the statement is not evidentiary in nature but instead is only legally conclusory and does not establish the elements of the offense. We look to past decisions to resolve these complaints.

In *Dinnery*, the Court found that a written statement, purporting to be a judicial confession, was inadequate to support the defendant's plea because the statement did not admit to all of the allegations in the indictment. The Court then turned to the defendant's testimony at the plea hearing to determine if the defendant's testimony itself constituted a judicial confession. The defendant was questioned by his attorney and the following occurred:

> Q: You have gone over that indictment with me, have you not?

1. In Texas, when a defendant pleads guilty to a felony, the State must introduce evidence into the record showing the guilt of the defendant. Tex.Code Crim.Proc.Ann. art. 1.15 (Vernon Supp.1993). The evidence may be stipulated if the defendant consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further

consents to an oral stipulation of the evidence or to the introduction of affidavits, written statements or other documentary evidence in support of the judgment. *Id.*

2. *See Dinnery v. State*, 592 S.W.2d 343, 353 (Tex.Crim.App.1980).

A: Yes, sir.
Q: We have read it?
A: Yes, sir.
Q: And is it true and correct?
A: Yes, sir.

The Court held that the defendant's above testimony that he had read the indictment and that it was "true and correct" was tantamount to a statement that all the allegations of the indictment were true and correct and therefore was a judicial confession. *Dinnery*, 592 S.W.2d at 352.

In *Adam v. State*, 490 S.W.2d 189, 190 (Tex.Crim.App.1973), the Court stated the following:

> While the written waiver and consent to stipulations does not contain a handwritten judicial confession, Soto v. State, 456 S.W.2d 389 (Tex.Cr.App.1970), cert. denied, 401 U.S. 942, 91 S.Ct. 947, 28 L.Ed.2d 223, it did contain the following language:
>
>> "Said defendant in person under oath together with his counsel and the attorney representing the State of Texas further agrees and stipulates that he, the said defendant, is the identical person named in the indictment in the above styled and numbered cause and that all the acts and allegations in the said indictment (count no. one (1) of said Indictment) charging the offense of Sale of a Narcotic Drug, to-wit: Heroin are true and correct ..."

This "catch-all" stipulation is sufficient to constitute a judicial confession which will alone support a conviction.

The Court reaffirmed this holding in *Potts v. State*, 571 S.W.2d 180, 181–82 (Tex.Crim. App.1978); *See Elliott v. State*, 768 S.W.2d 351, 353 (Tex.App.—Corpus Christi 1989, no pet.). In light of these holdings, we disagree with appellant's contentions that his statement is not evidentiary and fails to establish the essential elements of the offense charged.

■ Finally, appellant asserts that his statement fails as a judicial confession because it refers only to a "charging instrument" and not to the indictment. Contrary to appellant's assertions, appellant's confession refers specifically to "the indictment." Even if it referred only to the "charging instrument," we would find no error, as the only "charging instrument" in this case is the indictment. Having addressed all of appellant's assertions under this point of error, we find that the written statement constitutes a judicial confession and is sufficient to support the judgment.

■ Furthermore, we note that while the State did not question appellant at the plea hearing, the trial court swore appellant and asked him questions. In so inquiring, the trial court asked appellant, "Do you agree and stipulate, under oath, that the charges and allegations in the indictment are true and correct." Appellant answered, "Yes." Under *Dinnery*, appellant's answer to the trial court constitutes a judicial confession which would alone support the judgment. Accordingly, the evidence is sufficient to sustain the conviction. Appellant's first point of error is overruled.

■ Appellant contends in point two that his right to a fair trial was violated when the trial court asked him if he agreed and stipulated, under oath, that the charges and allegations in the indictment were true and correct. Appellant contends that by so inquiring the trial court propounded a question which was prosecutorial rather than judicial in nature. In response, the State argues that (1) the point should be dismissed for appellant's failure to comply with Tex.R.App.P. 40(b)(1), (2) appellant failed to object to the question and therefore did not preserve error, and (3) the question was proper. We address the State's responses in the order presented.

■ Tex.R.App.P. 40(b)(1) provides:

> Appeal is perfected in a criminal case by giving timely notice of appeal; except, it is unnecessary to give notice of appeal in death penalty cases. Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty or nolo contendere pursuant to Article 1.15, Code of Criminal Procedure, and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the de-

fendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

The State contends that we do not have jurisdiction to consider appellant's non-jurisdictional claim because appellant did not have permission of the trial court to appeal the alleged error.[3] As the State's argument calls our jurisdiction into question, we must review the assertion, as appellate courts are required to review challenges to their jurisdiction properly raised at any time before the issuance of its mandate. *Riley v. State*, 825 S.W.2d 699, 700 (Tex. Crim.App.1992). Appellant's notice of appeal did not contain the statements required by Rule 40(b). The notice does not state that the trial court granted permission to appeal.

The State asserts that this case is controlled by *Jones v. State*, 796 S.W.2d 183 (Tex.Crim.App.1990). The issue in *Jones* was whether a defendant who filed a *pretrial motion* could raise a point of error on appeal concerning the court's ruling on the motion when he failed to comply with the requirements of Rule 40(b)(1). The Court of Appeals addressed the defendant's complaints on the merits. After granting the petition for discretionary review, the Court of Criminal Appeals held that the Court of Appeals should not have entertained the defendant's nonjurisdictional complaint regarding the pretrial ruling because the defendant's notice of appeal failed to comply with Rule 40(b)(1).

We disagree with the State's position that *Jones* controls this case. Rule 40(b)(1) requires a defendant, who wishes to appeal nonjurisdictional defects or errors that occurred prior to the entry of the plea, to obtain permission to appeal or to have raised the matter by written motion and then to include that information in the notice of appeal. Unlike the facts in *Jones*,

the error appellant raises concerns a matter which did not occur prior to the entry of the plea. The error here occurred after the plea was entered. Accordingly, we hold that appellant may raise the point.

 Next, the State contends that by failing to object, appellant waived any error. We agree. To preserve error, a defendant must object to the conduct of the trial judge. *See Martinez v. State*, 822 S.W.2d 276, 282 (Tex.App.—Corpus Christi 1991, pet. ref'd) (comment on evidence); *Reyna v. State*, 797 S.W.2d 189, 192–93 (Tex.App.—Corpus Christi 1990, no pet.) (trial court comments concerning witness); Tex.R.App.P. 52(a). Even if appellant had preserved error, a trial court possesses the right to question witnesses. *Brewer v. State*, 572 S.W.2d 719, 720 (Tex.Crim.App. 1978). Appellant's second point of error is overruled.

 In his third point, appellant contends that he was denied the effective assistance of counsel when he failed to move for an acquittal and failed to object to the magistrate's question. We disagree. When a defendant challenges a guilty plea on grounds of ineffective assistance, he must show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases and that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Ex parte Pool*, 738 S.W.2d 285, 286 (Tex.Crim.App.1987). Appellant has not shown, or even alleged, that he would not have pleaded guilty and would have insisted on going to trial. Appellant's plea appears to have been intelligently and voluntarily entered. Counsel's duty was to assist appellant in entering the plea. Counsel had no reason to object to the trial court's questions as appellant now contends or to move for an acquittal, as the conviction was supported by appellant's judicial confession. Appellant's third point of error is overruled.

 In point four, appellant contends that the evidence is insufficient as a matter

---

**3.** In *Young v. State*, 850 S.W.2d 768 (Tex.App.— El Paso, 1993), the El Paso Court of Appeals held in a case involving the same type of proceeding and the same points of error that the defendant's failure to comply with Rule 40(b)(1) prevented appellate review. We disagree with the El Paso Court's decision.

of law to support an award of attorney's fees as costs of court. The last line of the judgment states, "Costs and expenses of court appointed attorney in the amount of $334.50 to be paid."[4]

Article 26.05(d) of the Texas Code of Criminal Procedure concerns the payment of court-appointed attorney's fees. Tex. Code Crim.Proc.Ann. art. 26.05(d) (Vernon 1989). It provides:

> All payments made under this article shall be paid from the general fund of the county in which the prosecution was instituted or habeas corpus hearing held and may be included as costs of court.

The parties have not cited us a case directly controlling this point, and we have found none. Nonetheless, before its amendment in 1987, the pertinent section of article 26.05 provided: "All payments made under the provisions of this Article may be included as costs of court."

In interpreting the article before its amendment, the Dallas Court of Appeals held that due process requires sufficient evidence in the record to show that the amount ordered by the trial court has a factual basis. *Miller v. State*, 755 S.W.2d 211, 216 (Tex.App.—Dallas 1988), *rev'd on other grounds*, 815 S.W.2d 582 (Tex.Crim. App.1991). The Court held that "there must be at least some evidence in the record showing how the 'reasonable fee' was determined." *Id.*

In the present case, the statement of facts contains no evidence relating to the issue of attorney fees. Nonetheless, after appellant's brief was filed, the parties agreed to supplement the record with a document titled "Defense Claim for Services or Expenses." The document shows that the trial court awarded defense counsel $250 for his services.[5] The State argues that this document alone is sufficient to support the award of attorney's fees. We agree. The document provides a factual basis for the attorney's fees paid in this case.[6] Thus, appellant's fourth point of error is without merit and is overruled.

The judgment of the trial court is affirmed.

NYE, C.J., not participating.

---

4. Tex.Code Crim.Proc.Ann. art. 42.16 (Vernon 1979) provides: "If the punishment is other than a fine, the judgment shall specify it, and order it enforced by the proper process. It shall also adjudge the costs against the defendant, and order the collection thereof as in other cases."

5. This document was attached to an agreed motion to supplement the record. Although a supplemental transcript with the document was never filed in this Court, we will consider the document properly before us by virtue of the parties' agreement.

6. Recently, in *Curry v. Wilson*, 853 S.W.2d 40 (Tex.Crim.App.1993), the Court of Criminal Appeals addressed an issue relating to the collection of attorney's fees under article 26.05. There, the Court upheld collection efforts taken against a criminal defendant who had been acquitted but ordered to repay the county fees expended for legal services. Although dissenting to the decision in that case, Judge Clinton, with Miller and Maloney joining, recognized that the Legislature had provided a mechanism for recovering the expense of indigent representation. The defendant, once convicted, will have a judgment against him for court costs, and the judgment may be executed as in civil actions. *Curry*, 853 S.W.2d at 50–51 (Clinton, J., dissenting).