TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00296-CR






Lance William Tisdale, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 002194, HONORABLE JON N. WISSER, JUDGE PRESIDING






Appellant Lance William Tisdale pleaded guilty to aggravated robbery. See Tex. Pen.
Code Ann. § 29.03 (West 1994). The district court adjudged him guilty and assessed punishment
at imprisonment for twenty-four years. In his only point of error, appellant contends the record does
not contain evidence to support the conviction. We will overrule this contention and affirm.

When a defendant waives his right to trial by jury and pleads guilty to a felony, the
State must "introduce evidence into the record showing the guilt of the defendant . . . and in no event
shall a person charged be convicted upon his plea without sufficient evidence to support the same." 
Tex. Code Crim. Proc. Ann. art. 1.15 (West Supp. 2002). Appellant asserts that the record contains
no evidence of his guilt in any form, and therefore article 1.15 was not satisfied.

The clerk's record contains an all-in-one "plea of guilty, admonishments, waiver,
stipulation & judicial confession." This document contains the following:


6. Waive my right to remain silent and state that it is my desire to make a
judicial confession of my guilt. I have read the indictment or information filed in this
case and:


______A. I committed and am guilty of each and every allegation it contains.


. . .


I swear to all of the foregoing . . . . I am pleading guilty freely and voluntarily
and because I am guilty. 



In the blank beside the letter A are a hand printed "X" and appellant's initials. The document was
sworn to and signed by appellant before a deputy district clerk.

Appellant's sworn statement that he has read the indictment and that he committed
and is guilty of each and every allegation contained therein is a judicial confession adequate to
satisfy article 1.15. See Dinnery v. State, 592 S.W.2d 343, 352 (Tex. Crim. App. 1980) (op. on
reh'g); Jones v. State, 857 S.W.2d 108, 110-11 (Tex. App.--Corpus Christi 1993, no pet.). The
point of error is overruled.

The judgment of conviction is affirmed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: June 13, 2002

Do Not Publish