# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00018-CR

**Aubrey Edgar Walker, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 53,655, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Aubrey Edgar Walker pleaded guilty to aggravated robbery and was sentenced to twenty-five years in prison. By a single issue on appeal, he contends that the evidence supporting his conviction was insufficient because his judicial confession was not sworn before the court clerk and nothing identifies Walker as the person who signed the confession. We will affirm the judgment.

Walker was indicted for placing a person in fear of imminent bodily injury or death while committing a theft of property and using or exhibiting a firearm. Although Walker pleaded not guilty at his arraignment, he pleaded guilty after reaching an agreement with the State for a recommended cap on the upper limit of his sentencing range; the agreement reduced the upper limit from a life sentence to one for twenty-five years. At his plea hearing, the State offered and the court accepted a judicial confession signed by Walker. In the confession, Walker states that he

understands and waives his rights regarding trial.  He then confesses that he committed the offense described by the indictment.  Walker's attorney signed a statement that he advised Walker of his rights regarding trial, and that Walker waived those and other rights knowingly and voluntarily.  The district attorney joined this stipulation and the district court approved it.  The court found the evidence sufficient to convict Walker, but postponed the adjudication of guilt until after the preparation and presentation of a presentence investigation report ("PSI").

At the punishment hearing, the court asked Walker if he had gone over the PSI[1] with his attorney, if it correctly stated the facts, and if Walker wanted to make any corrections.  Walker affirmed that he had gone over the report, that it accurately stated the facts, and that he did not want to make any corrections.  The PSI reported that Walker was a passenger in a car that deliberately bumped another car.  When the other car stopped, Walker and his co-defendant walked up to the other car.  The co-defendant pointed a gun at the other driver and demanded and received money.  The court found Walker guilty and sentenced him to twenty-five years in prison.  Later, the court gave Walker unrestricted permission to file a notice of appeal.

Walker complains that the evidence supporting his conviction was insufficient because his judicial confession—the only evidence admitted to support his guilt—was not sworn before the clerk of the court and there is nothing in the record to identify Walker as the person executing the judicial confession.  The standard for reviewing the legal sufficiency of the evidence

---

[1] The PSI states that Walker said, "We bumped the dude at the stop sign, and he got robbed. The one who started it was someone else, but I went on and took it and signed the plea bargain . . . . I'm very remorseful for my half of the situation."  The court also considered a victim impact statement that describes the offense in more detail.

is whether viewing the evidence in the light most favorable to the jury's verdict, any rational trier of fact could have found beyond a reasonable doubt all the essential elements of the offense charged. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Skillern v. State*, 890 S.W.2d 849, 879 (Tex. App.—Austin 1994, pet. ref'd). Because Walker asks for remand and a new trial, he is complaining about the factual sufficiency of the evidence. When reviewing the factual sufficiency of the evidence, we review all of the evidence in a neutral light and determine whether the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or if the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003).

The statutes governing the right to jury trial in felony cases list many requirements for convictions based on guilty pleas; the waiver of rights and the stipulation of evidence must be made in writing and in open court, the court must approve it in writing, and the waiver stipulation must be filed in the court's case file. *See* Tex. Code Crim. Proc. Ann. arts. 1.13-1.15. There is no requirement that the defendant swear to the waiver and stipulation before the clerk or anyone else. *See id.*; *see also Jones v. State*, 857 S.W.2d 108, 110 (Tex. App.—Corpus Christi 1993, no pet.). The record in this case indicates that the applicable provisions were met.

Walker notes that the defendant in *Jones* also swore under oath in open court that the charges in the indictment were true and correct. *See Jones*, 857 S.W.2d at 111. He intimates that the absence of such sworn oral restatement renders the evidence insufficient to support his conviction. The court in *Jones*, however, found the unsworn written judicial confession independently sufficient to support the guilty verdict. *Id.*

3

Walker further complains that nothing in the record identifies the maker of the confession as the person found guilty. The State offered the waiver and stipulation in open court as "defendant's Judicial Confession" without objection. Walker affirmed when asked by the trial court that his plea was free and voluntary and that he was pleading guilty because he committed the offense. We find these circumstances sufficient to identify Walker as the person who signed the confession and committed the offense. Sufficient evidence supports the finding of guilt.

Walker also argues that admitting the PSI at the punishment hearing violated his right to avoid self-incrimination. He cites a case in which the court of criminal appeals found that a trial court violated the defendant's right to avoid self-incrimination at a punishment hearing following a guilty plea. *See Carroll v. State*, 42 S.W.3d 129 (Tex. Crim. App. 2001). In that case, the trial court told the defendant that, if she invoked her right against self-incrimination, the trial court would consider that as a circumstance against her when determining punishment. *Id*. at 131. The court of criminal appeals held that the right to avoid self-incrimination persisted through punishment and that a waiver of that right at the guilt-innocence phase was not sufficient to waive it at the punishment phase, even when those phases are combined following a guilty plea. *Id*. at 133.

Aside from the existence of guilty pleas in both cases, this case is distinct from *Carroll*. The trial court here did not compel Walker to testify by telling him that his silence would be held against him. Walker himself submitted the PSI for the trial court's consideration. Further, Walker does not challenge his punishment by this appeal; his argument concerns only whether the evidence was sufficient to support the finding of guilt. He argues that, because the judicial confession was insufficient, the PSI was necessary to support the finding of guilt, and that the

4

absence of a separate admonishment at the punishment phase concerning his right to avoid self-incrimination means that the consideration of the PSI violated that right and taints the finding of guilt. However, because we have found that the judicial confession sufficiently supports the finding of guilt without the PSI, we determine beyond a reasonable doubt that any error at the punishment hearing did not contribute to the conviction. *See* Tex. R. App. P. 44.2(a); *see generally Kalisz v. State*, 32 S.W.3d 718, 723 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (applying harmless error analysis to violation of right against self-incrimination).

We find the evidence legally and factually sufficient to support the finding of guilt. We affirm the judgment.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: July 11, 2003

Do Not Publish