ACCEPTED
03-14-00729-CR
4213609
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/19/2015 2:04:15 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00729-CR

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF
TEXAS AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/19/2015 2:04:15 PM
JEFFREY D. KYLE
Clerk

********

# CLIFTON CARL LAMAR

## VS.

# THE STATE OF TEXAS
********

ON APPEAL FROM THE 264th DISTRICT COURT
OF BELL COUNTY, TEXAS
Cause No. 72,785

******

# STATE'S BRIEF
******

HENRY GARZA
DISTRICT ATTORNEY

BOB D. ODOM
ASSISTANT DISTRICT ATTORNEY
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

***Oral Argument Not Requested***

1

# TABLE OF CONTENTS

**ITEM**                                                                                      **PAGE**

Index of Authorities ...................................................................................     4

Statement Regarding Oral Argument ...............................................     6

Statement of the Case .................................................................................     6

Statement of Facts ........................................................................................     7

Summary of State's Argument ..............................................................     8

Argument and Authorities ........................................................................     9

    First Issue on Appeal .........................................................................     10
            EVIDENCE SUFFICENT TO SUPPORT GUILTY
            PLEA UNDER ART. 1.15 CCP?

        Standard of Review ...........................................................     10

        Application and Analysis .................................................     11

    Second Issue on Appeal ...................................................................     17
            EVIDENCE ON PUNISHMENT IN UNITARY
            PROCEEDING BEFORE THE TRIAL COURT
            SUFFCIENT TO SUPPORT GUILTY PLEA
            WHERE APPELLANT JUDICALLY CONFESSED?

        Application and Analysis .................................................     17

    Third Issue on Appeal ......................................................................     19
            DID APPELLANT FAIL TO PLEAD GUILTY TO
            OFFENSE BECAUSE HE DID NOT SEPARATELY
            PLEAD TO JURISDICTIONAL ELEMENTS?

        Application and Analysis ..............................................     20

Fourth Issue on Appeal ............................................................. 23
> MUST JUDGMENT BE MODIFIED TO REFLECT
> THERE WAS NO PLEA BARGAIN?

Application and Analysis ................................................. 23

Prayer ......................................................................................... 24

Certificate of Compliance with Rule 9 ............................................. 25

Certificate of Service ................................................................. 25

# INDEX OF AUTHORITIES

**CASES**                                                                      **PAGE**

*Barfield v. State*, 63 S.W. 3d 446 (Tx. Cr. App. 2001) ....................     18

*Brooks v. State*, No. 03-13-00252-CR, .............................................     13, 18
     2014 Tex. App. LEXIS 6588 (Tx. App. Austin 3d Dist.
     2014 no pet.), not designated for publication.

*Chindaphone v. State*, 241 S.W. 3d 217 ...................................... 11, 13-14
     (Tx. App. Ft. Worth 2nd Dist. 2007 rev. ref.)

*Cooksey v. State*, No. 06-13-00096-CR, ...........................................     16
     2014 Tex. App. LEXIS 7400 (Tx. App. Texarkana 6th
     Dist. 2014 no pet.), not designated for publication.

*Harris v. State*, 204 S.W.3d 19 .........................................................     11, 21
     (Tx. App. Houston 14th Dist. 2006 rev. ref.)

*Jackson v. Virginia*, 443 U.S. 307 (1979) ........................................     10

*Jones v. State*, 857 S.W. 2d 108 ........................................................     14-16
     (Tx. App. Corpus Christi 13th Dist. 1993 no pet.)

*Ex Parte Martin,* 747 S.W. 2d 789 (Tx. Cr. App. 1988) .................     10

*Menefee v. State*, 287 S.W.3d 9 (Tx. Cr. App. 2009) ......................     14-16

*Montoya v. State*, No. 14-96-00072-CR, ...........................................     17
     1998 Tex. App. LEXIS 1857 (Tx. App. Houston 14th
     Dist. 1998 no pet.), not designated for publication.

*Ricondo v. State*, 634 S.W. 2d 835 (Tx. Cr. App. 1982) ..................     22

*Taylor v. State*, No. 03-14-00300-CR, .............................................     17
     2014 Tex. App. LEXIS 11324 (Tx. App. Austin 3rd Dist.,
     2014 no pet.), not designated for publication.

*Tindel v. State*, 830 S.W.2d 135 (Tx. Cr. App. 1992) ..................…..... 20

*Walker v. State*, No. 03-03-00018-CR, ..............................…… 15
    2003 Tex. App. LEXIS 5935 (Tx. App. Austin 3rd Dist.
    2003 no pet.), not designated for publication

**OTHER**

*Texas Penal Code*

    Section 49.04(a) ...............................................…..... 11

    Section 49.09(b)(2) .................................................… 11

*Texas Code of Criminal Procedure*

    Article 1.15 ………………………………………… 10-11, 14-15, 17

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

The Appellant, Clifton Carl Lamar, was charged by indictment with driving and operating a motor vehicle in a public place while intoxicated on April 3, 2014, having been two or more times convicted of Operating a Motor Vehicle in a Public Place While Intoxicated. Included in the first paragraph of the indictment were allegations of two specific prior driving while intoxicated convictions; one in Williamson County in 1986, and another in Bell County in March of 2014. (CR-4).

The indictment also contained a second paragraph alleging a prior felony driving while intoxicated conviction in Williamson County in 1991 for purposes of enhancement. (CR-4).

The Appellant entered pleas of guilty and true to the allegation in each paragraph of the indictment. (RR3-6, 7).  There was no plea bargain with the State. (RR3-7).

The Appellant was found guilty by the trial court and the enhancement allegations were found true and the court sentenced the

6

Appellant to 10 years in the Texas Department of Corrections and a fine of $750.00. (RR3-34).

The Appellant gave timely notice of appeal (CR-43) and the trial court certified his right to do so. (CR-52).

## STATEMENT OF FACTS

The Appellant waived a jury and entered a plea of guilty to the offense charged in the first paragraph of the indictment and of true to the second paragraph. (RR3-6, 7). He executed a written judicial confession admitting all of the allegations in the indictment, expressly including the enhancement allegations. (CR-34). During the plea hearing the trial court took judicial notice of his judicial confession without objection. (RR3-7, 8).

The first paragraph of the indictment states as follows:

"FIRST PARAGRAPH

while driving and operating a motor vehicle in a public place was then and there intoxicated, and, the said Defendant had previously been convicted two or more times as follows for the offense of Operating a Motor Vehicle in a Public Place While Intoxicated:

(1)    in Cause Number 10,446 of the County Court of Williamson County, Texas on the 14th day of November, 1986, for the offense of Operating a Motor Vehicle While Intoxicated in a Public Place; and

7

(2)    in Cause Number 2C13-04982 of the County Court at Law of Bell County, Texas on the 7th day of March, 2014, for the offense of Operating a Motor Vehicle While Intoxicated in a Public Place. "(CR-4)

The judicial confession signed by the Appellant contained an affirmation that he had read the indictment and had committed "each and every act alleged therein" and that all enhancement allegations in the indictment are true and correct. (CR-32).  He also declared under penalty of perjury that everything contained in the plea papers that included the judicial confession were true and correct. (CR-35).

During the plea proceeding the trial court asked:  "To the offense in paragraph 1, how do you plead?  Guilty or not guilty".  The Appellant responded "Guilty" (RR3-6) and acknowledged to the court that he was pleading guilty because he "committed the offense as alleged and were previously convicted as alleged." (RR3-7).

## SUMMARY OF STATE'S ARGUMENT

The Appellant executed a judicial confession confirming that he had read the indictment and that each and every allegation in that indictment was correct.  The trial court took judicial notice of that judicial confession without objection.  The judicial confession alone was

8

sufficient to support his plea of guilty. There is no requirement that it be sworn.

While the court may consider evidence at "the punishment phase" of the unitary proceeding before the trial court in assessing the sufficiency of the evidence to support the plea, that is unnecessary because of the sufficiency of the judicial confession.

The Appellant entered a plea of guilty to all of the allegations contained in the first paragraph of the indictment which included both the primary offense and the jurisdictional elements of the felony driving while intoxicated offense and he confirmed to the trial court that all allegations were true and that he committed the offense as alleged.

There was no plea bargain in the case and, while it is questionable that the judgment actually so states, to the extent that the court determines that it does it should be modified to correctly reflect that there was no plea bargain.

## ARGUMENT AND AUTHORITIES

The first two of the Appellant's issues on appeal deal with different aspects of the single issue of the sufficiency of the evidence to support his plea of guilty, however, he has numbered them as separate

issues. Although they overlap the State will attempt to answer them in the same way.

## First Issue on Appeal

Was the evidence sufficient to support the finding of guilty pursuant to the Appellant's plea of guilty as required by Article 1.15, *Texas Code of Criminal Procedure?*

### Standard of Review

When the accused enters a plea of guilty the standards of review set out in *Jackson v. Virginia*, 443 U.S. 307 (1979), as to sufficiency of the evidence are inapplicable. *Ex Parte Martin*, 747 S.W.2d 789, 792-93 (Tex. Crim. App. 1988). Instead the sufficiency of the evidence is governed by Article 1.15 of the Code of Criminal Procedure.

Article 1.15 provides that in a non-capital felony case, where the defendant waives trial by jury and enters a plea of guilty or nolo contendere, it is necessary for the State to "introduce evidence into the record" that shows the guilt of the defendant and that such evidence be accepted by the trial court as the basis for its judgment. See *Martin* at 793. The appellate court will affirm the trial court's judgment under Article 1.15 if the State introduced evidence that embraces every essential element of the offense charged that is sufficient to establish

the defendant's guilt. A judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea under Article 1.15. *Chindaphone v. State*, 241 S.W.3d 217, 216 (Tx. App. Ft. Worth 2nd Dist. 2007 rev. ref.). A judicial confession stating that the defendant has read the indictment and that he committed each and every act alleged therein is sufficient to satisfy Art. 1.15. *Chindaphone* at 219.

### *Application and Analysis*

Section 49.04(a), *Texas Penal Code*, provides that a person commits an offense if the person is intoxicated while operating a motor vehicle in a public place. Section 49.09(b)(2) of the penal code states that an offense under Section 49.04 is a third degree felony if it is shown that he has been previously convicted two times of any other offense involving operating a motor vehicle while intoxicated. "Elevating a misdemeanor to a felony offense by using a previous DWI conviction does not enhance punishment, but instead *creates an entirely new offense* and vests the district court with jurisdiction." *Harris v. State*, 204 S.W.3d 19, 27, 28 (Tx. App. Houston 14th Dist. 2006 rev. ref.) (emphasis supplied). Thus the prior convictions are elements, albeit jurisdictional, of that entirely new offense.

11

In this case the first paragraph of the indictment charged all of the elements that new offense, alleging that the Appellant operated a motor vehicle in a public place while intoxicated and that he had been previously convicted of two specified driving while intoxicated offenses.

In the judicial confession signed by the Appellant and declared by him to be true (CR-34, 35) that Appellant stated that "I have read the indictment or information filed in this case and I committed each and every act alleged therein….all of the acts alleged in the indictment are true and correct.  I am guilty of the instant offense…" (CR-6).

During the plea proceeding, the following occurred:

"THE COURT:  To the offense *in paragraph 1,* how do you plead?  Guilty or not guilty?

THE DEFENDANT:  Guilty

THE COURT:  And to the offense in paragraph 2, alleging you were previously convicted in Williamson County, how do you plead?  True or not true?

THE DEFENDANT:  True

THE COURT:  Are you pleading guilty and true freely and voluntarily?

THE DEFENDANT:  Yes, ma'am

THE COURT:  Has anyone made any promises, forced you, threatened you or intimidated you in any way to get you to plead guilty and true?

THE DEFENDANT:  No, ma'am

THE COURT:  You're pleading guilty because you committed the *offense alleged* and you were previously convicted as alleged; is that true?

THE DEFENDANT:  That's true, Your Honor." (CR3-6, 7) (emphasis supplied).

The judicial confession signed by the Appellant and approved by his counsel stated that he had read the indictment and that he committed each and every act alleged.  The first paragraph of the indictment sets out all of the elements of the felony driving while intoxicated offense.  The Appellant acknowledged that all of the allegations in that paragraph were true and correct before the trial court and the court approved all of the matters contained in the "plea papers", which included the judicial confession.  The court accepted his plea. (RR3-7).

In the plea hearing the State asked the trial court to take judicial notice of the judicial confession contained in the plea papers and the trial court did so without objection. (RR3-7, 8).  When the trial court takes judicial notice of a judicial confession the State is not required to introduce it into evidence in order to support the plea. *Chindaphone* at 219; See also *Brooks v. State*, No. 03-13-00252-CR, 2014 Tex. App. LEXIS

6588 (Tx. App. Austin 3rd Dist. 2014 no pet.), not designated for publication. (Op. at pg. 6). That judicial confession alone is sufficient to support the Appellant's plea of guilty. *Chindaphone* at 219.

The Appellant attempts to rely upon *Menefee v. State,* 287 S.W.3d 9 (Tx. Crim. App. 2009) which sets out a non-exclusive list of methods by which a plea may be supported under Article 1.15. He claims that because *Menefee* refers to sworn written admissions of guilt and the judicial confession in this case was not formally sworn it is insufficient. *Menefee*, however, states that a plea of guilty is not a judicial confession and does not support the plea. *Menefee* at 17, 18. Here it was not merely a matter of a plea of guilty, but of a written judicial confession.

The Appellant recognizes *Jones v. State*, 857 S.W.2d 108 (Tx. App. Corpus Christi 13th Dist. 1993 no pet.) but simply dismisses it with the opinion that it cannot be the law. In *Jones* the defendant signed a judicial confession admitting that he was guilty of the offense as alleged in the indictment. That judicial confession was signed by the defendant and approved by both the State and the trial court. It was unsworn. The defendant attacked its sufficiency under Article 1.15 on the ground that it was unsworn and not evidentiary and its reference to the "charging instrument" was vague. The court of appeals noted that it was offered

and admitted into evidence, and, although unsworn, was approved by defense counsel, the prosecutor and the judge. The court of appeals said, "We find no authority that the Appellant was additionally required to swear to the statement". *Jones* at 110.

This court apparently disagreed with the Appellant's assessment that *Jones* cannot be the law in *Walker v. State*, No. 03-03-00018-CR, 2003 Tex. App. LEXIS 5935 (Tx. App. Austin 3rd Dist. 2003 no pet.), not designated for publication. Citing *Jones* this court said "There is no requirement that the defendant swear to the waiver and stipulation before the clerk or anyone else." *Walker* op. at pg. 4.

*Menefee* itself is not inconsistent with *Jones*. Referring to Article 1.15, the *Menefee* court said "Evidence offered in support of a guilty plea may take many forms. The statute expressly provides that the defendant may consent to the proffer of evidence in testimonial or documentary form, or to an oral or written stipulation of what the evidence against him would be, *without necessarily admitting to its veracity or accuracy*; and such a proffer or stipulation will suffice to support the guilty plea so long as it embraces every constituent element of the charged offense. *Alternatively*, our case law has recognized that

the defendant *may* enter a sworn written statement, or may testify under oath in open court...."

*Menefee* at 13. (emphasis supplied).

The Appellant contends that because a sworn statement "may" suffice, it is required. He ignores completely the express statement by the Court of Criminal Appeals that a sworn statement is an alternative, rather than a mandatory requirement. See *Cooksey v. State*, No. 06-13-00096-CR, 2014 Tex. App. LEXIS 7400 (Tx. App. Texarkana 6th Dist. 2014 no pet.), not designated for publication at Op. Pg. 18, reconciling the statement in *Menefee* with the holding in *Jones.*

In this case the judicial confession contained an admission that all of the allegations in the indictment were true and correct. That indictment set out in the first paragraph all of the constituent elements of the offense charged, felony driving while intoxicated in a public place having been convicted two or more times previously of driving while intoxicated. The Appellant signed it and declared that it and all of the plea papers were true and correct. In open court he confirmed to the trial court that he was guilty and that all of the allegations in the indictment, both as to the charged offense and the enhancement, were true and correct. The trial court took judicial notice of the judicial

16

confession without objection from the Appellant[1]. The judicial confession was part of the plea papers filed and contained in the district clerk's record of the case. There was sufficient evidence to support the Appellant's plea of guilty under Article 1.15.

## Second Issue on Appeal

Was the evidence in the unitary proceeding upon the plea of guilty before the trial court sufficient to support the guilty plea even though the Appellant judicially confessed?

### Application and Analysis

Because the evidence contained in the judicial confession was sufficient alone to support the Appellant's plea of guilty this issue is moot. The Appellant reluctantly concedes that a number of courts, including this one, have held that evidence adduced at the punishment phase of the trial may be used to support the plea of guilty as required by Article 1.15. See for example *Taylor v. State*, No. 03-14-00300-CR, 2014 Tex. App. LEXIS 11324 (Tx. App. Austin 3rd Dist. 2014 no pet.), not designated for publication, where this court held that upon a plea of

---

[1] By failing to object when the trial court took the judicial notice of the judicial confession he cannot now complain as to its consideration. See *Montoya v. State*, No. 14-96-00072-CR, 1998 Tex. App. LEXIS 1857 (Tx. App. Houston 14th Dist. 1998 no pet.), not designated for publication, holding that the defendant waived the issue as to the admission of an unsworn stipulation in support of a plea of guilty under Article 1.15.

guilty evidence at the punishment hearing may be used to support the plea of guilty and *Brooks*, supra. See also *Barfield v. State*, 63 S.W.3d 446 (Tx. Cr. App. 2001), where the Court held that the court of appeals erred when it considered only the evidence at the guilt/innocence phase of a trial in support of proof of jurisdictional elements in a felony DWI bench trial and noting that such a trial is a unitary rather than a bifurcated proceeding.

In this case the Appellant is correct in his assertion that the evidence in the punishment hearing did not establish all of the elements of the charged offense. The Appellant testified and admitted that he had been long treated for alcoholism at the Veteran's Administration Hospital on an inpatient basis (RR3-14). He also admitted having been in prison for driving while intoxicated and that he continued drinking after his release. (RR3-17). He also stated that he had been on probation before for DWI but his probation had been "taken away". (RR3-22). He asked the judge to consider felony probation for him for this offense. (RR4-23).

On cross examination he attributed the accident that gave rise to the charged offense to having been drinking and to undiagnosed diabetes. (RR3-24). He claimed not to remember his breath test of 0.33.

(RR3-24. 25). He also admitted that he had been convicted of driving while intoxicated in March of 2014 (see the second alleged offense in the first paragraph of the indictment), less than 30 days prior to the charged offense. (RR3-25). The Appellant admitted that he was driving drunk when he was arrested on the charged offense. (RR3-25).

The Appellant's testimony did not go through the elements of the indictment one by one. It did not touch on driving in a public place nor did it mention one of the two previous DWI offenses alleged as an element of the felony offense in the first paragraph of the indictment.

If the evidence at punishment alone had to support the Appellant's plea of guilty then the Appellant's point could well have merit. But to do so, however, the judicial confession must first be ignored. As set out above, that judicial confession is sufficient as to each and every element of the charged offense. The Appellant's testimony at sentencing is perfectly consistent with that confession and tends to reinforce it in some aspects, but the confession alone is sufficient.

## Third Issue on Appeal

Did the Appellant fail to plead guilty to the charged felony offense because he did not separately plead to the jurisdictional elements of the offense?

***Application and Analysis***

The Appellant concedes that the semantics of whether the Appellant uttered the word "true" or "guilty" with respect to the jurisdictional elements of the offense are immaterial. *Tindel v. State*, 830 S.W.2d 135, 137 (Tx. Cr. App. 1992). He claims, however, that the Appellant never entered any plea that encompassed those elements. That is simply incorrect.

> "THE COURT: To the offense *in paragraph 1,* how do you plead? Guilty or not guilty?
>
> THE DEFENDANT: Guilty
>
> THE COURT: And to the offense in paragraph 2, alleging you were previously convicted in Williamson County, how do you plead? True or not true?
>
> THE DEFENDANT: True
>
> THE COURT: Are you pleading guilty and true freely and voluntarily?
>
> THE DEFENDANT: Yes, ma'am
>
> THE COURT: Has anyone made any promises, forced you, threatened you or intimidated you in any way to get you to plead guilty and true?
>
> THE DEFENDANT: No, ma'am
>
> THE COURT: You're pleading guilty because you committed the *offense alleged* and you were previously convicted as alleged; is that true?

20

THE DEFENDANT: That's true, Your Honor." (CR3-6, 7) (emphasis supplied).

As noted above, "Elevating a misdemeanor to a felony offense by using a previous DWI conviction does not enhance punishment, but instead *creates an entirely new offense* and vests the district court with jurisdiction." *Harris* at 27, 28. Thus the prior convictions are elements, albeit jurisdictional, of that entirely new offense.

In the indictment the First Paragraph charges that the Appellant operated a motor vehicle in a public place, having been previously convicted two or more times of operating a motor vehicle in a public place while intoxicated. That allegation continued, after a colon, and the same paragraph in the indictment set out two separate prior DWI convictions, one in Williamson County in 1986, and another in Bell County in 2014. (CR-4). Thus the first paragraph of the indictment charged every element of the "new" offense of third degree felony driving while intoxicated, including the jurisdictional elements. The second paragraph alleged a prior felony DWI conviction for enhancement of sentence.

The trial court expressly asked the Appellant how he pled "to the offense in paragraph 1" and he responded "Guilty". (RR3-6). The court

21

did not ask his plea to the first part of paragraph 1, but to that entire paragraph that included the jurisdictional as well as all of the other essential elements of the offense.

The trial court also asked the Appellant if he was pleading guilty "because you committed the offense *as alleged* and you were previously convicted *as alleged".* The Appellant responded "that's true, Your Honor." Although the Appellant undoubtedly would like to apply that reference only to being previously convicted of the offense alleged in paragraph 2 for enhancement purposes, that is not what the court asked. The court, unlike before, did not qualify the pleas as to paragraphs in the indictment, but rather asked if the Appellant was pleading guilty because he was guilty and because he had been convicted of the previous offenses alleged.

*Ricondo v. State*, 634 S.W.2d 837 (Tx. Cr. App. 1982), cited by the Appellant, does not support his proposition because in that case a bifurcated trial before a jury was held and only the part of the indictment charging the primary offense was read to the jury. The allegations of prior convictions were not. The defendant, thus, only plead to that part of the indictment. This case, conversely, is a plea of guilty before the court and is a unitary proceeding. The Appellant

judicially confessed and entered a plea of guilty to all of the elements of the offense, jurisdictional and otherwise.

Even unsworn, as noted herein, the judicial confession admitting all of the allegations in the indictment included admissions of the jurisdictional prior convictions and the Appellant properly entered a plea of guilty to all of those elements.

## Fourth Issue on Appeal

Must the judgment of conviction be modified to reflect that the Appellant entered his plea of guilty without a plea bargain?

### Application and Analysis

The Appellant entered his plea of guilty to the trial court without a plea bargain with the State. (RR3-7). The plea papers reflect that the plea was "open". (CR-29). The judgment of conviction recites: "Plea Bargain: SEE ATTACHED-DISCLOSURE OF PLEA RECOMMENDATIONS ATTACHED HERETO AND MADE A PART HEREOF". (CR-45). There is no apparent attachment to the judgment in the record. The only disclosure of plea bargain shows an open plea and therefore contains no plea recommendations.

While it might well be argued that the judgment does not actually state that there was a plea bargain in this case, nevertheless, if the Court

so interprets it, the State agrees that it be modified in order to speak the truth.

# PRAYER

The State of Texas respectfully prays that the judgment of conviction herein be, in all things, be affirmed.

Respectfully Submitted,

HENRY GARZA
District Attorney

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

# CERTIFICATE OF COMPLIANCE WITH RULE 9

This is to certify that the State's Brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 3522 words.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this brief has been served upon, John A. Kuchera, Counsel for Appellant, by electronic transfer via Email, addressed to him at johnkuchera@210law.com on this 19th day of February, 2015.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney