COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.
 
2-07-099-CR

KHANTHAVONG CHINDAPHONE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant Khanthavong Chindaphone pleaded guilty to the offense of sexual assault, and the trial court sentenced him to ten years’ confinement.  In a single issue, Chindaphone contends that “the evidence is insufficient to support the conviction pursuant to Article 1.15 of the Texas Code of Criminal Procedure.”  We will affirm.

In connection with his guilty plea, Chindaphone executed a judicial confession that provided,

Upon my oath I swear my true name is Khanthavong Chindaphone and I am 24 years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State.  All facts alleged in the indictment or information are true and correct.  I am guilty of the instant offense as well as all lesser included offenses . . . .  I swear to the truth of all of the foregoing.
(footnote: 1)
On the same page as the judicial confession, Chindaphone’s attorney, the prosecutor, and the trial court signed Chindaphone’s waivers, which included the following:

In open court we join and approve the waiver of jury trial . . . and the stipulations of evidence pursuant to Art. 1.15, Code of Criminal Procedure . . . .  It is agreed that the Court may take judicial notice of this document and the Court takes judicial notice of same.

The victim of the sexual assault, Amanda X., testified at the sentencing hearing that she and Chindaphone had dated for about nine months and had engaged in a sexual relationship.  She testified that after they had broken up, Chindaphone came to town to return some of her things.  Amanda X. testified that, during Chindaphone’s visit to return her things, he pushed her, slapped her, and choked her.  Amanda next testified that she went to the hospital and submitted to a rape exam.
(footnote: 2) 

Texas Code of Criminal Procedure article 1.15 provides,

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14;  provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.  The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court.  Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause. 

Tex. Code Crim. Proc. Ann.
 art. 1.15 (Vernon 2005).

The appellate standards of review announced in 
Jackson v. Virginia
(footnote: 3) 
and 
Clewis v. State
(footnote: 4) 
are not applicable where the defendant enters a plea of nolo contendere or guilty.  
Praker v. State
, No. 01-06-00030-CR, 2007 WL 1166381, at *2-3 (Tex. App.—Houston [1st Dist.] Apr. 19, 2007, no pet.) (mem. op.) (not designated for publication)
.  An appellate court will affirm the trial court’s judgment under article 1.15 if the State introduced evidence that embraces every essential element of the offense charged and that is sufficient to establish the defendant’s guilt.  
Wright v. State
, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.).  A judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea and to satisfy the requirements of article 1.15.  
Dinnery v. State
, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh’g).

Here, Chindaphone executed a judicial confession stating that he had read the indictment and had committed each and every act alleged therein.  When the trial court asked Chindaphone in open court, “To the charge of sexual assault, how do you plead, guilty or not guilty?” he responded, “I plead guilty.”  Chindaphone also executed a waiver that provided, “It is agreed that the Court may take judicial notice of this document and the Court takes judicial notice of same.”  The trial court’s signature appears under this provision.  

When a trial court takes judicial notice of adjudicative facts, it authorizes the fact-finder to accept the facts as true without requiring formal proof.  
Watts v. State
, 99 S.W.3d 604, 609-10 (Tex. Crim. App. 2003).  Thus, as here, when the trial court takes judicial notice of a judicial confession, the State is not required to introduce the judicial confession into evidence.  
Accord McDougal v. State
, 105 S.W.3d 119, 120-21 (Tex. App.—Fort Worth 2003, pet. ref’d) (recognizing that “[t]he contents of the clerk’s record are not evidence 
unless the trial court takes judicial notice of them 
or they are offered into evidence.”) (emphasis added).  And when the accused specifically states in the judicial confession, “I have read the indictment or information filed in this case and I committed each and every act alleged therein,” the judicial confession standing alone is sufficient to support a guilty plea under article 1.15 of the code of criminal procedure.  
See, e.g.,
 
Dinnery, 
592 S.W.2d at 353; 
Tabora v. State, 
14 S.W.3d 332, 337-38 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding that form “Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession” signed by appellant sufficiently supported plea of no contest under article 1.15); 
Scott v. State
, 945 S.W.2d 347, 348 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (holding that appellant’s stipulation that he “agree[d] that the elements of the offense alleged [in the indictment] constitute the evidence in this case” sufficiently supported a plea of no contest under article 1.15).
(footnote: 5)
 In support of his contention that the evidence does not support his guilty plea as required by article 1.15, Chindaphone relies on the case of 
Landon v. State
, 222 S.W.3d 75 (Tex. App.—Tyler 2006, no pet.).  In
 Landon
, the defendant judicially confessed and stipulated that he had “recklessly caus[ed] bodily injury to a” child, a state jail felony.  
Id.
 at 77.  But Landon 
was convicted 
of a third-degree felony.  
Id.
; 
see also
 
Tex. Penal Code 
§ 22.04(f) (Vernon 2003) (categorizing bodily injury to a child as a third-degree felony if the conduct is committed intentionally or knowingly, but as a state jail felony if the conduct is committed recklessly).  The appellate court noted that Landon “nowhere” stipulated that the allegations in the informations returned against him were true.  
Landon, 
222 S.W.3d at 79.
 
 Consequently, because mens rea is an essential element of the offense of injury to a child and the only mens rea stipulated to in Landon’s judicial confession was recklessness, which will not support a third-degree felony injury to a child offense, the appellate court held that the evidence was insufficient under article 1.15 to support Landon’s guilty plea.  
Id. 
 The holding in 
Landon
, however, is inapplicable to the present facts where Chindaphone executed a judicial confession that did indicate he had read the indictment and had committed each and every act alleged therein.  In the present case Chindaphone’s judicial confession, unlike Landon’s, does embrace every element of the charged offense.

For the reasons explained above, we overrule Chindaphone’s sole issue and affirm the judgment of the trial court.

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DAUPHINOT, J. filed a dissenting opinion.

PUBLISH

DELIVERED: November 8, 2007

EXHIBIT “A”

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-099-CR
 

KHANTHAVONG
 CHINDAPHONE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

DISSENTING OPINION

------------

This case again brings home the risks inherent in canned guilty pleas.  Unlike most cases in which the defendant waives a record, in this case the court reporter has provided a verbatim transcription of the proceeding.

Although the majority correctly points out that “[a]n appellate court will affirm the trial court’s judgment under article 1.15 if the State introduced evidence that embraces every essential element of the offense charged and that is sufficient to establish the defendant’s guilt,”
(footnote: 6) here, the State introduced no evidence until the punishment phase.  Even then, the State offered no evidence of the elements of the offense charged and no evidence of a judicial confession by Appellant, nor did the State ask the judge to take judicial notice of a judicial confession.  

The printed boilerplate language of a six-page document provides the following language:

In open court we join and approve the waiver of jury trial pursuant to Art. 1.13, Code of Criminal Procedure and the stipulations of evidence pursuant to Art. 1.15, Code of Criminal Procedure.  We further agree and consent to the admission of guilt of any unadjudicated offense under Sec. 12.45, Texas Penal Code.  It is agreed that the Court may take judicial notice of this document and the Court takes judicial notice of same.  

The subtitle of this portion of the six-page document is 
APPLICATION FOR COMMUNITY SUPERVISION
.  The admonishments, plea agreement, waiver of all rights to appeal, waivers of other rights, and the judicial confession were file marked Jan. 12, 2007 at 10:57.  The reporter’s record does not reflect any reference to the judicial confession.  Nothing in the record tells us whether the judicial confession existed at the time of the plea.  We do not know whether the judicial confession and other waivers were executed or filed before or after the hearing at which the court accepted Appellant’s plea.

Had the State offered Appellant’s judicial confession into evidence, there would be no question whether the constitutional and statutory due process requirements were met.
(footnote: 7)  As the record stands, it is unclear whether the document referred to in the judicial notice portion of the boilerplate language is the document containing the application for community supervision or the entire document containing the plea agreement, waivers, and judicial confession.  What is clear from the record is that no one offered stipulations or the judicial confession into evidence or asked the trial court to take judicial notice of a judicial confession.  Nor did the trial court announce that it was aware of the existence of a judicial confession.  

Were there no reporter’s record, we would presume procedural regularity.
(footnote: 8)  As the record stands, we have only the trial court’s reference to “these papers,” but no explanation of what “these papers” are.  We cannot make presumptions that are contradicted by the record before us.

At first glance, it would seem that we could hold that the documents in the clerk’s record state what they state and that Appellant is bound by that language.  But the record shows that Appellant was not bound by the language.  For example, the boilerplate language states that the defendant waived the making of a PSI, yet the agreed plea bargain recommendation is “Open Plea with PSI,” and the trial judge recessed the plea hearing so that a PSI could be completed.  Included in the boilerplate language is the statement, “I give up and waive any and all rights of appeal in this case,” yet a document not bearing a filemark informs Appellant of his right to appeal.  And, indeed, this case is before us because Appellant appealed.  Additionally, Appellant also waived the making of a record, yet the court reporter did make a record.  The waivers also include such language as, “If I am proceeding by felony information, I give up and waive my right to indictment by a grand jury,” and “I give up and waive all rights given to me by law; whether of form, substance, or procedure under Art. 1.14, Code of Criminal Procedure,” yet clearly, Appellant did not waive his right to a grand jury indictment because the clerk’s record contains the indictment.   
Due process does not preclude written admonishments and written judicial confessions.  But when the admonitions and waivers are as broad as they are in this case, they become meaningless.  We cannot say with assurance that they existed when the court accepted Appellant’s plea or that they were intelligible, and nothing in the record assures us that the State sustained its burden of introducing evidence to prove each element of the offense charged. 

On March 9, 2007, the court reconvened, and both Appellant and the complainant testified.  But neither testified to the elements of the offense.  At that hearing, the trial court found Appellant guilty of sexual assault and assessed punishment.  Again, there was no reference to a judicial confession.

The State had only to ask that the judicial confession be admitted into evidence or that the trial court take judicial notice of the judicial confession.  But the record shows that neither step occurred.  Consequently, I would hold the evidence insufficient to support Appellant’s guilty plea, reverse the conviction, and remand the case to the trial court.  
Because the majority does not, I must respectfully dissent.

 

LEE ANN DAUPHINOT

JUSTICE

PUBLISH

DELIVERED: November 8, 2007

FOOTNOTES
1:
Contrary to the dissent’s position, a judicial confession which includes the defendant’s name and age and is signed specifically by the defendant is not “boilerplate.”  Nor can we agree with the dissent’s characterization of the document at issue.  The language quoted above is not included under the “Applications for Community Supervision” part of the document but instead is a paragraph signed separately and set off by stars.  
See
 Exhibit A.

2:
The State concedes that there is a gap in Amanda X.’s testimony but argues that Amanda’s testimony nonetheless embraces every element of the offense because she would not have submitted to a rape exam absent an assault.

3:
443 U.S. 307, 99 S. Ct. 2781 (1979)
.

4:
922 S.W.2d 126 (Tex. Crim. App. 1996).

5:
Nor can we interject some invalidity into Chindaphone’s judicial confession, as the dissent apparently does, from the fact that the trial court provided Chindaphone with rights that Chindaphone had waived.  This inured to Chindaphone’s benefit and surely does not diminish the sufficiency of the evidence supporting his guilty plea—which is the sole issue before us. 

6:
Majority op. at 4. 

7:
See
 
Dinnery v. State
, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh’g).  

8:
Amador v. State
, 221 S.W.3d 666, 679 (Tex. Crim. App. 2007).