02-10-401-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00401-CR

 

 


 
 
 Sir Erok Ridge
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 371st
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.  Introduction

          In
two points, appellant Sir Erok Ridge appeals his conviction for aggravated
robbery with a deadly weapon, arguing that the State did not present sufficient
evidence to support his guilty plea and that the trial court erred by admitting
in-court identification evidence regarding an extraneous offense.  We will
affirm.

II.  Factual
and Procedural Background

          In
November 2009, Arlington Police Officer Jeremy Houchin responded to a holdup
alarm at an O’Reilly’s Auto Parts store.  Officer Houchin observed an
individual run from the emergency exit while holding a gun.  Officer Houchin
ordered the individual to stop and to drop the gun, but the individual kept
running.  Officer Houchin gave chase and radioed for assistance from the other officers
who were around the corner at the front of the store.  The officers ultimately
chased the individual into a nearby apartment complex and apprehended him under
a bush in the complex.  Officer Houchin later identified the individual—Ridge—as
the person who had run from the O’Reilly’s store.

Ridge
entered an open plea of guilty to aggravated robbery and pleaded true to the
deadly weapon allegation.  He elected to have the judge set punishment.  Ridge
executed a judicial confession at the plea proceedings.  Ridge also executed a
waiver of jury trial and a stipulation of evidence; both were set forth in the
same document as the judicial confession.

          At
the punishment hearing, an employee of an Ace Hardware store in Lake Dallas testified
that Ridge had participated in a robbery of that store in June 2009.  The
employee, Brian McAnally, was working as a cashier at the store when three men
entered the store, held him at gunpoint, and demanded money, cell phones, and
wallets from the store’s employees and customers.  Officers arrived on the
scene, and the three individuals fled the store.  Fifteen minutes after the
robbery, officers returned to the store with three suspects in the back of two
squad cars.  McAnally identified the three men as the individuals who had
robbed the store.  He identified Ridge as the person who had held him at
gunpoint.

          Investigator
Benny Sleigh of the Lake Dallas Police Department also testified about the Ace
Hardware store robbery.  He said that McAnally had identified the three
suspects no more than fifteen minutes after the robbery had occurred.

The
trial court assessed Ridge’s punishment at forty years’ imprisonment.

III.  Sufficiency
of the Evidence to Support Guilty Plea

In
his first point, Ridge argues that the evidence supporting his guilty plea and
the trial court’s determination of guilt was insufficient under article 1.15 of
the Texas Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann.
art. 1.15 (West 2005).  Specifically, Ridge argues that the State failed to
prove that he committed any offense against Everett Chastain, who is the victim
named in the indictment.

A.
Standard of Review

          The
appellate standard of review announced in Jackson v. Virginia is not
applicable when the defendant knowingly, intelligently, and voluntarily enters
a plea of guilty or nolo contendere.  Chindaphone v. State, 241 S.W.3d
217, 219 (Tex. App.—Fort Worth 2007, pet. ref’d).  A sufficiency review on
appeal of a guilty plea is confined to determining whether there is sufficient
evidence to support the judgment of guilt under article 1.15 of the Texas
Code of Criminal Procedure.  Tex. Code Crim. Proc. Ann. art. 1.15.  The
appellate court will affirm the trial court’s judgment if the State introduced
evidence that embraces every essential element of the charged offense and is
sufficient to establish the defendant’s guilt.  Chindaphone, 241 S.W.3d
at 219.

B. 
Law on Sufficiency of the Evidence to Support Guilty Plea

          No
person can be convicted of a felony except on the verdict of a jury duly
rendered and recorded, or when the defendant enters a plea of guilty or nolo contendere
and has, in writing in open court, waived his right to trial by jury in
accordance with articles 1.13 and 1.14; provided that the State presents
sufficient evidence to prove the defendant’s guilt and the court accepts the
evidence as the basis for its judgment.  Tex. Code Crim. Proc. Ann. art. 1.15. 
A trial court cannot render a felony conviction based on a guilty plea without
sufficient evidence to support the charged offense.  Menefee v. State,
287 S.W.3d 9, 13 (Tex. Crim. App. 2009); see Tex. Code Crim. Proc. Ann.
art. 1.15. 

A
judicial confession, standing alone, is sufficient to sustain a conviction
based on a guilty plea and satisfies the requirements of article 1.15 as long
as the judicial confession embraces every element of the charged offense.  Menefee,
287 S.W.3d at 13; Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App.
1979) (op. on reh’g); Chindaphone, 241 S.W.3d at 219.  When the
defendant specifically states in the judicial confession, “I have read the
indictment or information filed in this case and I committed each and every act
alleged therein,” the judicial confession alone is sufficient evidence to
support the guilty plea under article
1.15 of the code of criminal procedure.  Dinnery, 592 S.W.2d at 353; Chindaphone,
241 S.W.3d at 220.

C. 
Sufficient Evidence Exists to Support Guilty Plea

          Ridge
contends that the State failed to prove every element of the charged offense because
it failed to prove that he committed the charged offense against Everett
Chastain.  The indictment alleges that Ridge “intentionally or knowingly . . .
threaten[ed] or place[d] Everett Chastain in fear of imminent bodily injury or
death, and . . . used or exhibited a deadly weapon, to-wit: a
firearm.”  Ridge executed a judicial confession that specifically states, 

I have read the
indictment or information filed in this case and I committed each and every act
alleged therein, except those acts waived by the State.  All facts alleged in
the indictment or information are true and correct.  I am guilty of the instant
offense as well as all lesser included offenses.

 

Because
Ridge executed a judicial confession acknowledging that he had read the
indictment and had committed every act alleged in the indictment, we hold that
sufficient evidence exists to support his guilty plea.  See Menefee,
287 S.W.3d at 13; see also Dinnery, 592 S.W.2d at 353; Chindaphone,
241 S.W.3d at 220.  We therefore overrule Ridge’s first point.

IV.  Admissibility
of the In-Court Identification

          In
his second point, Ridge argues that the trial court abused its discretion by
admitting McAnally’s identification testimony that Ridge had pointed a gun at
him during the Ace Hardware store robbery.  Specifically, Ridge argues that
McAnally’s in-court identification was improper because the identification
procedure used following the Ace Hardware store robbery was impermissibly
suggestive.

A.
Standard of Review

          Whether
an identification procedure is impermissibly suggestive so as to create a
substantial likelihood for misidentification is a mixed question of law and
fact that does not turn on an evaluation of credibility and demeanor.  Loserth
v. State, 963 S.W.2d 770, 772–73 (Tex. Crim. App. 1998).  When the question
involves a mixed question of law and fact and the resolution of the question does
not turn on an evaluation of credibility and demeanor, the reviewing court will
conduct a de novo review.  See id. at 772; Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997).  An appellate court should give great
deference to the trial court’s resolution of the historical facts pertinent to
the case; however, whether the historical facts render the identification
unreliable is reviewed de novo.  Loserth, 963 S.W.2d at
772–74; Williams v. State, 243 S.W.3d 787, 789 (Tex. App.―Amarillo
2007, pet. ref’d).

B.
Law on Identification Testimony

A
two-step analysis is used to determine the admissibility of an in-court
identification:  (1) whether the pretrial identification procedure was
impermissibly suggestive, and (2) whether that suggestive pretrial identification
procedure gave rise to a very substantial likelihood of irreparable
misidentification.  Simmons v. United States, 390 U.S. 377, 384, 88 S.
Ct. 967, 971 (1968); Barley v. State, 906 S.W.2d 27, 33 (Tex. Crim. App.
1995), cert. denied, 516
U.S. 1176 (1996).  The analysis requires an examination of the totality of the
circumstances surrounding the particular case and a determination of the
reliability of the identification.  Barley, 906 S.W.2d at 33. 
Reliability is the linchpin for determining whether identification testimony is
admissible.  Manson v. Brathwaite, 432 U.S. 98, 114, 97 S. Ct. 2243,
2253 (1977); Webb v. State, 760 S.W.2d 263, 269 (Tex. Crim. App. 1988), cert.
denied, 491 U.S. 910 (1989); see Ibarra v. State, 11 S.W.3d 189, 195
(Tex. Crim. App. 1999), cert. denied, 531 U.S. 828 (2000).  The
defendant must show through clear and convincing evidence that the pretrial
identification procedure was impermissibly suggestive.  Barley, 906
S.W.2d at 33–34.

          Suggestive
confrontations are not favored because they increase the likelihood of
misidentification.  Neil v. Biggers, 409 U.S. 188, 198, 93 S. Ct. 375,
382 (1972).  Although an “on the scene confrontation has some degree of
suggestiveness, in many situations its use is necessary.”  Garza v. State,
633 S.W.2d 508, 513 (Tex. Crim. App. 1982) (op. on reh’g).  This type of
identification procedure may be beneficial because (1) it allows the witness to
test his recollection while his memory is fresh; (2) a quick confirmation or
denial of identification expedites the release of an innocent suspect; and (3)
the release of an innocent suspect allows the police to continue their search
for the perpetrator while he is still in the area and before he can change his
appearance or dispose of evidence.  See id. at 512.

C.
The Pretrial Identification was not Impermissibly Suggestive

          The
evidence presented at the punishment hearing regarding Ridge’s extraneous Ace
Hardware store robbery demonstrates that Lake Dallas officers arrived at the
Ace Hardware store as three suspects were attempting to flee.  Corinth officers
quickly apprehended three suspects in a nearby field and alerted the Lake
Dallas officers who were at the hardware store.  Lake Dallas officers picked up
the suspects and returned to the store with the three suspects handcuffed and
placed in the back of two squad cars.  Within fifteen minutes of the robbery, McAnally
identified the suspects and identified Ridge as the suspect who had held him at
gunpoint.  Thus, the officers were able to quickly determine if the suspects
had been involved in the armed robbery so that they could continue their search
of the immediate area, if necessary.  See Garza, 633 S.W.2d at 512.

Although
the three suspects were in the back of two squad cars when McAnally identified
them, that fact alone does not render the identification procedure
impermissibly suggestive.  See Smith v. State, Nos. 14-08-00431-CR,
14-08-00432-CR, 2009 WL 1795078, at *3 (Tex. App.―Houston [14th Dist.]
June 25, 2009, no pet.) (mem. op., not designated for publication) (holding
that a show-up identification while the suspects were in the back of police
squad cars was not impermissibly suggestive).  And even though the
suspects were handcuffed in the back of the squad cars, McAnally did not know that
they were handcuffed, and even if he had, that fact alone does not render the
identification procedure impermissibly suggestive.  See Shaw v. State,
No. 08-07-00206-CR, 2010 WL 380909, at *1–2 (Tex. App.―El Paso, Feb. 3,
2010, pet. ref’d) (not designated for publication) (holding that on-scene
identification procedure was not impermissibly suggestive when suspect was handcuffed
and in the back of a police squad car when identified by witness forty-five
minutes to an hour after the crime was committed).  Under the circumstances, we
cannot conclude that the identification procedure used to identify Ridge in the
extraneous Ace Hardware store robbery was impermissibly suggestive.

          Even
assuming that the identification procedure was impermissibly suggestive, we
turn to the second step in our analysis―whether the suggestive
identification procedure gave rise to a substantial likelihood of
misidentification. See Simmons, 390 U.S. at 384, 88 S. Ct. at
971; Barley, 906 S.W.2d at 33.  We consider five non-exclusive factors
in determining the reliability of the identification under the totality of the
circumstances:  (1) the witness’s opportunity to view the criminal at the time
the crime is committed; (2) the witness’s degree of attention; (3) the accuracy
of the witness’s prior description of the criminal; (4) the level of certainty
that the witness demonstrated upon confrontation; and (5) the length of time
between the crime and confrontation.  Biggers, 409 U.S. at 199, 93 S.
Ct. at 34; Ibarra, 11 S.W.3d at 195.  The five Biggers factors are
considered issues of historical fact and viewed deferentially in a light
favorable to the trial court’s ruling.  Ibarra, 11 S.W.3d at 195.  The
factors are then weighed de novo against “the corrupting effect” of the suggestive
pretrial identification procedure.  Id. at 195–96.

          During
the Ace Hardware store robbery, McAnally was close to Ridge and had an
opportunity to view all three men.  McAnally recalled that Ridge had told
everyone to put their cell phones and wallets on the ground, had placed the
items in a sack, had demanded money from the cash register, and had demanded
the money in the safe.  A co-worker ultimately opened the safe, and the three robbers
left the store.  McAnally specifically described the man who pointed the gun at
him as a black man who was taller than the other two men and who was wearing
“baggie,” dark clothing; McAnally also described the gun as black and silver.  Although
he did not describe the other two robbers in much detail, McAnally did say that
they were both black men, that one was short and stocky, and that the other was
short and skinny.  When three suspects were apprehended and shown to McAnally,
he identified the suspects with certainty by telling officers, “Yes, that’s
them,” and he positively identified Ridge as the individual who held him at
gunpoint.  Finally, the length of time between the robbery and the
confrontation was only fifteen minutes.  See Shaw, 2010 WL 380909, at
*1–2 (holding that an on-scene identification procedure in which the suspect
was identified forty-five minutes to an hour after the crime was committed was not
impermissibly suggestive).

Thus,
even assuming that the identification procedure was impermissibly suggestive, which
it was not, when looking at the five Biggers factors in a light
favorable to the trial court’s ruling and weighing them de novo against
the “corrupting effect” of the pretrial identification procedure, we cannot
conclude that there was a substantial likelihood that McAnally misidentified Ridge
as one of the Ace Hardware store robbers.  See 409 U.S. at 199, 93 S.
Ct. at 34; Ibarra, 11 S.W.3d at 195.  Consequently, we conclude that
McAnally’s in-court identification of Ridge as a robber in the extraneous Ace
Hardware store robbery was not tainted by the pretrial identification
procedure, and we hold that the trial court did not err by admitting the
in-court identification of Ridge as extraneous offense evidence.  See Loserth,
963 S.W.2d at 771.  We overrule Ridge’s second point.

V.  Conclusion

          Having
overruled Ridge’s two points, we affirm the trial court’s judgment.

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER,
MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 23, 2011









[1]See Tex. R. App. P. 47.4.