

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00269-CR
### NO. 02-14-00270-CR

DENNIS KEITH BROOKS
APPELLANT

V.

THE STATE OF TEXAS
STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1257517D, 1292820D

----------

## MEMORANDUM OPINION[1] ON REHEARING

----------

We have reviewed Appellant's motion for rehearing, asserting that the judicial confession signed by Appellant Dennis Keith Brooks was not admitted into evidence. We deny the motion for rehearing. We withdraw our March 26, 2015 opinion and judgment and substitute the following to make it clear that the trial court took judicial notice of the judicial confession.

---

[1]*See* Tex. R. App. P. 47.4.

Brooks pleaded guilty to two separate felony offenses of driving while intoxicated, and the trial court sentenced him to two years' confinement for each offense with the sentences to run concurrently. In his sole point, Brooks argues that the State presented no evidence against him when he entered his guilty pleas, and thus there is no evidence supporting his guilty pleas. We will affirm.

The appellate standard of review announced in *Jackson v. Virginia*[2] is not applicable when the defendant knowingly, intelligently, and voluntarily enters a plea of guilty or nolo contendere. *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd). A sufficiency review on appeal of a guilty plea is confined to determining whether there is sufficient evidence to support the judgment of guilt under article 1.15 of the Texas Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005). The appellate court will affirm the trial court's judgment if the State introduced evidence that embraces every essential element of the charged offense and is sufficient to establish the defendant's guilt. *Chindaphone*, 241 S.W.3d at 219.

No person can be convicted of a felony except on the verdict of a jury duly rendered and recorded or when the defendant enters a plea of guilty or nolo contendere and has, in writing in open court, waived his right to trial by jury in accordance with articles 1.13 and 1.14, provided that the State presents sufficient evidence to prove the defendant's guilt and that the court accepts the

---

[2]443 U.S. 307, 99 S. Ct. 2781 (1979).

evidence as the basis for its judgment. Tex. Code Crim. Proc. Ann. art. 1.15. A trial court cannot render a felony conviction based on a guilty plea without sufficient evidence to support the charged offense. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009); *see* Tex. Code Crim. Proc. Ann. art. 1.15.

A judicial confession, standing alone, is sufficient to sustain a conviction based on a guilty plea and satisfies the requirements of article 1.15 as long as the judicial confession embraces every element of the charged offense. *Menefee*, 287 S.W.3d at 13; *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g); *Chindaphone*, 241 S.W.3d at 219. When the defendant specifically states in the judicial confession, "I have read the indictment or information filed in this case and I committed each and every act alleged therein," the judicial confession alone is sufficient evidence to support the guilty plea under article 1.15 of the code of criminal procedure. *Dinnery*, 592 S.W.2d at 353; *Chindaphone*, 241 S.W.3d at 220.

Here, Brooks executed a judicial confession in each case that specifically states,

> I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses.

On the page of the written plea admonishments immediately following the judicial confession, the following paragraph appears:

3

> In open court we join and approve the waiver of jury trial . . . and the stipulations of evidence pursuant to Art. 1.15, Code of Criminal Procedure. . . . It is agreed that the Court may take judicial notice of this document and the Court takes judicial notice of same.

The signatures of Brooks's attorney, the prosecutor, and the trial judge appear after the paragraph. The trial court's judicial notice of a judicial confession satisfies the requirement of Texas Code of Criminal Procedure article 1.15 that evidence be introduced to support a plea of guilty. *See Chindaphone*, 241 S.W.3d at 219 (stating that when trial court takes judicial notice of a judicial confession, the State is not required to introduce the judicial confession into evidence). Because Brooks executed a judicial confession in each case acknowledging that he had read the indictment and had committed every act alleged in the indictment and because the trial court took judicial notice of each confession, we hold that sufficient evidence exists to support Brooks's guilty pleas. *See Menefee*, 287 S.W.3d at 13; *see also Dinnery*, 592 S.W.2d at 353; *Chindaphone*, 241 S.W.3d at 220. We therefore overrule Brooks's sole point and affirm the trial court's judgments.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: GARDNER, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 14, 2015