ACCEPTED
03-15-00237-CR
7174853
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/30/2015 4:35:34 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00237-CR

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF
TEXAS AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

9/30/2015 4:35:34 PM

JEFFREY D. KYLE
Clerk

\*\*\*\*\*\*

# CHRISTOPHER RAY WEATHERSPOON

## VS.

# THE STATE OF TEXAS
\*\*\*\*\*\*

ON APPEAL FROM THE 264th DISTRICT COURT
OF BELL COUNTY, TEXAS
Cause No. 71839

\*\*\*\*\*\*

# STATE'S BRIEF
\*\*\*\*\*\*

HENRY GARZA
DISTRICT ATTORNEY

BOB D. ODOM
ASSISTANT DISTRICT ATTORNEY
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

*Oral Argument Not Requested*

1

# **TABLE OF CONTENTS**

**ITEM**                                                                      **PAGE**

Index of Authorities ………………………………………………… 4

Statement Regarding Oral Argument …………………………..… 6

Statement of the Case ……………………………………………… 6

Statement of Facts ………………………………………………..... 7

    Evidence Supporting Plea of Guilty …………………………… 7

    Trial Court's Judgment …………………………………….….. 9

Summary of State's Argument …………………………………… 10

Argument and Authorities ………………………………………… 11

    First Issue on Appeal ……………………………………………... 11
        EVIDENCE SUFFICIENT TO SUPPORT PLEA
        OF GUILTY UNDER ART. 1.15?

        Standard of Review …………………………………….... 11

        Application and Analysis …………………………….….. 12

    Second Issue on Appeal …………………………………….…. 14
        EVIDENCE SUFFICIENT AT PUNISHMENT
        PHASE TO SUPPORT PLEA OF GUILTY
        UNDER ART. 1.15?

        Application and Analysis …………………………….…. 14

    Third Issue on Appeal …………………………………….…. 16
        MUST JUDGMENT BE MODIFIED TO SHOW
        NO PLEA BARGAIN?

        Application and Analysis …………………………….…. 16

Prayer ………………………………………………………………………… 17

Certificate of Compliance with Rule 9 …………………………… 17

Certificate of Service ……………………………………………… 18

# INDEX OF AUTHORITIES

**CASES**                                                                      **PAGE**

*Brooks v. State,* No. 03-13-00252-CR, ............................................   13
    2014 Tex. App. LEXIS 6588 (Tx. App. Austin 3rd Dist.
    2014 no pet.), not designated for publication.

*Chindaphone v. State,* 241 S.W.3d 217 ...........................................   12-13
    (Tx. App. Ft. Worth 2nd Dist. 2007 rev. ref.)

*Jackson v. Virginia*, 443 U.S. 307 (1979) ......................................   11

*Jones v. State*, 373 S.W. 3d 790 .......................................................   13
    (Tx. App. Houston 14th Dist. 2012 no pet.)

*Jones v. State*, 857 S.W. 2d 108 ......................................................   13
    (Tx. App. Corpus Christi 13th Dist. 1993 no pet.)

*Ex Parte Martin*, 747 S.W.2d 789 (Tx. Cr. App. 1988) ................   11

*Taylor v. State*, No. 03-14-0300-CR, 2014 Tex. App. ..................   15
    LEXIS 11324 (Tx. App. Austin 3rd Dist. 2014 rev. ref.),
    not designated for publication.

*Walker v. State*, No. 03-03-00018-CR, 2003 Tex. App. ...............   14
    LEXIS 5935 (Tx. App. Austin 3rd Dist. 2003 no pet.),
    not designated for publication.

**OTHER**

*Texas Penal Code*

    Section 31.03 ...........................................................................   12

    Section 31.03(a) ....................................................................   12

    Section 31.03(b) ....................................................................   12

*Texas Code of Criminal Procedure*

Article 1.15 ............................................................ 7-8, 10-15

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

Christopher Ray Weatherspoon, was charged by indictment with the state jail felony offense of theft.  In Count I the indictment alleged that he, acting individually and as a party with Kody Lee Braxton and Zachary David Castlow, did unlawfully appropriate, by acquiring and otherwise exercising control over, property, to-wit:  metal castings of the value of $1,500.00 or more, but less than $20,000.00 from Kevin Canfield, the owner thereof, without the effective consent of the owner, and with intent to deprive the owner of said property. (CR-4).

The Appellant entered a plea of guilty to the offense charged in Count I (RR-2-9) and the trial court, without objection, took judicial notice of the "plea papers" in the court's file (CR-19), expressly including the judicial confession. (RR2-11).  The trial court then found the evidence sufficient to support a finding of guilty and ordered a presentence investigation. (RR-7).  There was no plea bargain with the State.(CR-19; RR2-10).   The court found the evidence sufficient to support a finding of guilty upon the plea of guilty. (RR2-11).

6

At the subsequent punishment hearing the court received and examined the presentence report (RR3-5) and heard testimony from the Appellant. The trial court assessed punishment at 2 years in State Jail (RR3-57).

The Appellant gave timely notice of appeal (CR-36) and the trial court certified his right to do so. (CR-39).

## STATEMENT OF FACTS

The Appellant raises two issues concerning the sufficiency of the evidence to support his plea of guilty under Article 1.15, *Texas Code of Criminal Procedure*, and the recitation in the trial court's written judgment allegedly implying that there was a plea bargain with the State.

### *Evidence Supporting the Plea of Guilty*

The Appellant executed a packet of "plea papers" in the case. (CR-19-28). Those papers included the following judicial confession:

> "Upon my oath, I swear my true name is Chris Weatherspoon and I am __ years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses. All enhancement and habitual allegations set forth in the indictment or

information are true and correct except those waived by the State. All deadly weapon allegations are true and correct. All other affirmative findings to be made by the Court pursuant to this Written Plea Agreement are true and correct. I swear to the truth of all of the foregoing and further, that all the testimony I give in this case will be the truth, the whole truth and nothing but the truth so help me God." (CR-24)

That judicial confession was signed by the Appellant. (CR-24). Furthermore, thereafter, the Appellant executed a declaration stating under penalty of perjury that all of the matters contained in the plea papers are true and correct. (CR-25).

The Appellant's trial counsel also signed an acknowledgment that expressly stated that he had explained everything, including the judicial confession, to him and that he had waived his rights and executed the documents intelligently, knowingly, and voluntarily. Counsel specifically joined in the stipulations of evidence pursuant to Article 1.15 and consented to the trial court taking judicial notice of the contents of the Written Plea Agreement. (CR-25). The State also approved all of the contents of the plea papers. (CR-26).

The trial court approved the plea papers in writing and stated that it was taking judicial notice of the matters contained therein. (CR-26).

During the hearing and after the Appellant entered his plea of guilty to the information, the State asked the court to "...take judicial notice of the contents of the court's file including the plea papers which will contain the defendant's judicial confession to count one.." The Appellant had no objection and the court did so. (RR2-11). Thereafter the court immediately found the evidence sufficient to support a finding of guilty. (RR2-11).

At the sentencing phase of the trial, while attempting to minimize his culpability, the Appellant admitted helping Kody Broxton to take the metal casings (RR3-16) and taking the property to Houston for sale and sharing equally with Broxton in the profits. (RR3-37).

***Trial Court's Judgment***

There was no plea bargain with the State in the case. (CR-19; RR2-10). In the trial court's written judgment on the line denoted as "Terms of Plea Bargain" is found the phrase "SEE ATTACHED DISCLOSURE OF PLEA RECOMMENDATIONS". (CR-31). There is no such disclosure attached to the judgment and the "plea papers" also contained in the court's file state that plea was "open" and thus recite no plea recommendations. (CR-19).

## SUMMARY OF STATE'S ARGUMENT

The trial court took judicial notice of judicial confession, signed by the Appellant and approved by the State, his counsel, and the court, as well as all of the "plea papers" in the case, without objection by the Appellant. That judicial confession stated that all of the allegations in the information were true and correct. The information contained all of the statutory elements of the offense charged. The evidence was sufficient to support the Appellant's plea of guilty and for the court to enter such a finding under Article 1.15.

Although unnecessary, the evidence at the punishment hearing wherein the Appellant admitted participation in the theft as charged in the indictment may be properly considered and sufficiently supports the Appellant's plea of guilty as well.

The written judgment of the trial court does not specifically state that there was a plea bargain with the State and, in fact, there was not. It merely says see attached disclosure. That disclosure states that it was an open plea. The judgment does not, therefore, indicate that there was a plea bargain in the case. If, however, it could be so construed then the judgment should be modified to reflect that there was no plea bargain.

# ARGUMENT AND AUTHORITIES

## *First Issue on Appeal*

Was the evidence sufficient to support the finding of guilty pursuant to the Appellant's plea of guilty as required by Article 1.15 of the *Texas Code of Criminal Procedure*?

### *Standard of Review*

When the accused enters a plea of guilty the standard of review set out in *Jackson v. Virginia*, 443 U.S. 307 (1979), as to sufficiency of the evidence are inapplicable. *Ex Parte Martin*, 747 S.W.2d 789, 792-93 (Tex. Crim. App. 1988). Instead the sufficiency of the evidence is governed by Article 1.15 of the Code of Criminal Procedure.

Article 1.15 provides that in a non-capital felony case, where the defendant waives trial by jury and enters a plea of guilty or nolo contendere, it is necessary for the State to "introduce evidence into the record" that shows the guilt of the defendant and that such evidence be accepted by the trial court as the basis for its judgment. See *Martin* at 793. The appellate court will affirm the trial court's judgment under Article 1.15 if the State introduced evidence that embraces every essential element of the offense charged that is sufficient to establish

11

the defendant's guilt. A judicial confession stating that the defendant has read the charging instrument and that he committed each and every act alleged therein, standing alone, is sufficient to sustain a conviction upon a guilty plea under Article 1.15. *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tx. App. Ft. Worth 2nd Dist. 2007 rev. ref.).

***Application and Analysis***

The Appellant was charged with the offense of theft as set out in Section 31.03 of the *Texas Penal Code*. Section 31.03(a) states that a person commits an offense if he unlawfully appropriates property with the intent to deprive the owner of property. Section 31.03(b)(1) states that appropriation of property is unlawful if it is without the owner's effective consent.

Count I of the indictment in this case set out all of the elements of the offense under Section 31.03, alleging that the Appellant unlawfully appropriated property, to-wit: metal castings, from the owner and without the effective consent of the owner and with the intent to deprive the owner of that property. (CR-4)

The Appellant's judicial confession stated that he had read the indictment and that everything alleged in it was true and correct and that he committed the offense as alleged. (CR-24).

A judicial confession stating that the defendant has read the charging instrument and that it is true and correct, where that charging instrument contains each and every element of the offense is sufficient to support a plea of guilty as required by Article 1.15. *Chindaphone* at 219. See also *Brooks v. State*, No. 03-13-00252-CR, 2014 Tex. App. LEXIS 6588 (Tx. App. Austin 3rd Dist. 2014 no pet.), not designated for publication, following *Chindaphone*.[1]

The Appellant would ignore his judicial confession because it was not formally offered into evidence nor sworn to before a notary or district clerk. That Appellant's protestations to the contrary, however, the judicial confession may be judicially noticed by the trial court and, in that case, it need not be introduced formally into evidence. *Chindaphone* at 219; *Jones v. State*, 373 S.W. 3d 790 (Tx. App. Houston 14th Dist. 2012 no pet.); *Brooks* op. at pg. 6.

Likewise, a judicial confession that was signed by the accused, approved by his counsel, the State and the trial court and of which the court takes judicial knowledge need not be sworn. *Jones v. State*, 857 S.W. 2d 108, 110 (Tx. App. Corpus Christi 13th Dist. 1993 no pet.);

---

[1] *Brooks* also arose from the 264th District Court and involved essentially the same "plea papers" and judicial confession as the present case.

*Walker v. State*, No. 03-03-00018-CR, 2003 Tex. App. LEXIS 5935 (Tx. App. Austin 3rd Dist. 2003 no pet.) ("There is no requirement that the defendant swear to the waiver and stipulation before the clerk or anyone else" Op. at pg. 4).

Here the Appellant signed the judicial confession and declared under penalty of perjury that it was true and correct. That judicial confession confirmed the truth of all of the allegations in the information. The information contained all of the statutory elements of the offense charged. The judicial confession was approved by defense counsel, the State and the trial court. The judicial confession and other "plea papers" were filed of record. The trial court expressly took judicial notice of the papers, including the judicial confession, and based its judgment upon that instrument. The evidence was certainly sufficient to support the Appellant's plea under Article 1.15.

## Second Issue on Appeal

Was the evidence at the sentencing phase of the plea proceeding sufficient to support the Appellant's plea of guilty under Article 1.15?

### Application and Analysis

It must first be observed that the evidence during the first phase of the plea proceeding was sufficient to support the plea and, therefore,

it is not necessary to rely upon the events during the punishment hearing. His contentions as to this issue are moot.

While the Appellant did not go down the list of elements of the offense charged in his testimony at punishment one by one, he did tell the trial court that he and Broxton took the property, that he knew it was wrong and that he should have backed out (RR3-9, 17, 18), but that they did it at least twice. He also said that they took the metal castings to Houston on two occasions and sold it for a total of $9,000.00, which they split evenly. (RR3-37). This certainly, coupled with his plea of guilty and his judicial confession serves to satisfy the requirements of Article 1.15.

A guilty plea is a unitary proceeding and Article 1.15 does not distinguish between evidence offered at guilt/innocence or the punishment phase. The courts may consider evidence at the punishment phase in order to determine if the requirement of Article 1.15 has been fulfilled. See *Taylor v. State*, No. 03-14-0300-CR, 2014 Tex. App. LEXIS 11324 (Tx. App. Austin 3rd Dist. 2014 rev. ref.), not designated for publication[2], and cases cited therein.

---

[2] *Taylor* also arose in the same district court concerning a virtually identical fact situation as in this case and raising the same issues. Counsel for the Appellant also represented the defendant in that case.

### *Third Issue on Appeal*

Must the judgment of conviction be modified to reflect that the Appellant entered his plea of guilty without a plea bargain?

### *Application and Analysis*

The Appellant entered his plea of guilty to the trial court without a plea bargain with the State. (RR2-10). The plea papers reflect that the plea was "open". (CR-19). The judgment of conviction recites: "Terms of Plea Bargain: SEE ATTACHED DISCLOSURE OF PLEA RECOMMENDATIONS. (CR-31). There is no apparent attachment to the judgment in the record. The only disclosure of plea bargain shows an open plea and therefore contains no plea recommendations (CR-19).

The judgment does not actually state that there was a plea bargain in this case. There is no such attachment to the judgment and the court's file, as well as the reporter's record clearly show that there was no plea bargain. Thus there is really nothing in the judgment to reform. If, however, the Court interprets the statement to imply otherwise then the judgment should be reformed to delete that reference.

# PRAYER

The State of Texas respectfully prays that the judgment of conviction herein be, in all things, be affirmed.

Respectfully Submitted,

HENRY GARZA
District Attorney

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

# CERTIFICATE OF COMPLIANCE WITH RULE 9

This is to certify that the State's Brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 2,027 words.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this brief has been served upon, John A. Kuchera, Counsel for Appellant, by electronic transfer via Email, addressed to him at johnkuchera@210law.com on this 30th day of September, 2015.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney