

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00225-CR

CHRISTOPHER GUTIERREZ                           APPELLANT

V.

THE STATE OF TEXAS                                  STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
## TRIAL COURT NO. 1473180D

----------

## MEMORANDUM OPINION[1]

----------

In a single issue, Appellant Christopher Gutierrez appeals his conviction for felony aggravated robbery.  *See* Tex. Penal Code Ann. § 29.03(a)(2), (3) (West 2011).  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## Background

### I. Determination of guilt

Appellant was charged in November 2016 with aggravated robbery. *See id.* In the indictment, the State alleged that Appellant caused bodily injury to Zeuz Nerio by striking him with a firearm or his hand and further alleged that he used the firearm as a deadly weapon. Appellant entered an open plea of guilty in May 2017. Written plea admonishments filed with the court included a section entitled, "Judicial Confession," which stated in relevant parts:

> I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses. All enhancement and habitual allegations set forth in the indictment are true and correct, except those waived by the State. All deadly weapon allegations are true and correct. All other affirmative findings made by the Court pursuant to this plea agreement are true and correct. . . . I swear to the truth of all of the foregoing and I further swear that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

And on the same page, Appellant and his attorney acknowledged,

> In open court we join and approve the waiver of jury trial pursuant to Art. 1.13, Tex. Code Criminal Procedure and the stipulations of evidence pursuant to Art. 1.15, Tex. Code of Criminal Procedure. . . . It is agreed that the Court may take judicial notice of this document and the Court takes judicial notice of same.

The trial court accepted Appellant's plea and recessed for the completion of a presentencing investigation and report (PSI).

## II. Sentencing

Nerio testified at the punishment hearing and described Appellant's August 2016 robbery at a Subway where Nerio, then 17 years old, was working.[2]  Nerio testified that Appellant came into the Subway, pointed a handgun at him, and then proceeded to hit him in the head with the handgun a couple times while Nerio attempted to open a safe inside the store.  According to Nerio, Appellant counted down from ten and threatened to shoot Nerio if he reached zero before Nerio opened the safe.

Appellant, who was 18 at the time of trial, professed his guilt and apologized for doing "a terrible thing . . . by taking money from a Subway and harming an innocent person."  He initially described retrieving a BB gun from a closet in his girlfriend's house to carry out the crime.  But during cross-examination, Appellant claimed that the gun was a pellet gun that he had gotten out of his little brother's toys.  He also testified that he had thrown the gun into a lake after the robbery.

Appellant engaged in the following exchange with his attorney:

> [Defense counsel:]  One last question.  Chris, we talked about this being a BB gun.  Your girlfriend has talked about this being a BB gun.  You understand that we pled guilty to aggravated assault with a deadly weapon?
>
> [Appellant:]  Yes, sir, I do.

---

[2]A surveillance video of the incident was admitted into evidence and viewed by the trial court during the hearing.

[Defense counsel:]  And do you think Mr. Nerio thought it was a BB gun?

. . . .

[Appellant:]  I mean, it was a BB gun, but I'm sure he did think it was a real gun.

[Defense counsel:]  All right.  So, you think it was real enough to him?

[Appellant:]  Yes, sir.

[Defense counsel:]  All right.  That's in part why you agreed that it was a deadly weapon in this case?

[Appellant:]  Yes, sir.

On cross-examination, Appellant admitted that the trial court had no reason other than his word to believe that he used a BB gun to commit the robbery.  And when the trial court asked Appellant, "If it was just a BB gun or a pellet gun or whatever you call it, why did you throw it away[?]"  Appellant replied, "Because I was scared that . . . I was going to get caught with it, sir."  When the trial court continued by saying, "So what are you afraid of getting caught with a BB gun for[?]" Appellant replied that he was "scared" and "just felt like [he] had to get rid of everything."

The trial court sentenced Appellant to 15 years' confinement.

**Discussion**

Appellant argues that the evidence is insufficient to support the trial court's acceptance of his guilty plea because the State did not introduce evidence demonstrating his guilt, and in particular argues that the State presented no

4

evidence that he used a firearm. *See* Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005) (requiring the State to introduce sufficient evidence into the record showing the guilt of the defendant before a person can be convicted upon his plea of guilty).

Appellant's argument is misplaced. We will affirm the trial court's judgment under article 1.15 if the State introduced evidence that embraces every essential element of the offense charged and that is sufficient to establish the appellant's guilt. *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd). A judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea and to satisfy the requirements of article 1.15. *Id.* (citing *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g)). The defendant in *Chindaphone* executed a judicial confession stating that he read the indictment and had committed each and every act alleged therein and also executed a waiver recognizing that the trial court may and did take judicial notice of his confession. *Id.* We held that this was sufficient to support the defendant's guilty plea and meet the requirements of article 1.15. *Id.*

The same is true in this case. In the Written Plea Admonishments that he signed, Appellant acknowledged that "[i]n open court [he] join[ed] and approve[d] the waiver of jury trial . . . and the stipulations of evidence pursuant to Art. 1.15, Tex. Code Criminal Procedure." He confessed, "I have read the indictment or information filed in this case and I committed each and every act alleged therein."

5

And he further agreed "that the Court may take judicial notice of this document and the Court takes judicial notice of same."

The trial court's act of taking judicial notice authorizes the factfinder to accept the facts as true without requiring formal proof. *Watts v. State*, 99 S.W.3d 604, 609–10 (Tex. Crim. App. 2003). As in *Chindaphone* and in this case, the State was not required to introduce the judicial confession into evidence once the trial court took judicial notice of the same. *Chindaphone*, 241 S.W.3d at 219.

To the extent that Appellant argues that the trial court should have allowed him to rescind his guilty plea upon the introduction of evidence that he may have used a BB gun, Appellant forfeited any such argument. A defendant who has pleaded guilty bears the burden of objecting and asserting that his plea was involuntary when evidence is introduced that is inconsistent with his guilt. *Mendez v. State*, 138 S.W.3d 334, 350 (Tex. Crim. App. 2004); *Salinas v. State*, 282 S.W.3d 923, 924 (Tex. App.—Fort Worth 2009, pet. ref'd) (recognizing that *Mendez* changed "many years of well established law" by "relieving the trial court of the duty to sua sponte withdraw a plea of guilty when evidence of innocence is introduced"). Appellant acknowledged the same in his plea paperwork, which stated, "Once the Court has accepted your guilty plea, you cannot withdraw your plea without permission from the Court."

More importantly, the record demonstrates—through the trial court's direct questioning of Appellant—that it considered the credibility of Appellant's claim that the gun was a BB or pellet gun. After considering the apparent

6

inconsistency of Appellant's claim that it was just an unloaded BB or pellet gun and his admission that he threw the gun into the lake after committing the crime, the trial court had the prerogative to believe or disbelieve the version of the events as related by Appellant at the time of trial. The trial court is the sole judge of the weight and credibility of the evidence and we defer to the trial court's evaluation of the same. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

We therefore overrule Appellant's sole issue on appeal.

## Conclusion

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL: SUDDERTH, C.J.; WALKER and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 5, 2018