

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00005-CR
_____

SURESH PAUDELCHHETRI, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1727043

Before Sudderth, C.J.; Bassel and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Suresh Paudelchhetri challenges his conviction for online solicitation of a minor. *See* Tex. Penal Code Ann. § 33.021(c). Paudelchhetri pled guilty to that offense, and in connection with his plea, he signed written waivers as well as a judicial confession. At the sentencing hearing, the trial court considered a presentence investigation report (PSI) and then sentenced Paudelchhetri to five years' confinement.

In his sole point, Paudelchhetri argues that the evidence was insufficient to support his guilty plea, as required under Texas Code of Criminal Procedure Article 1.15, because the State called no witnesses, and there was therefore no corroborating evidence to support his plea. Because Paudelchhetri signed a judicial confession that admitted to each and every act alleged in the indictment, the trial court took judicial notice of that confession, and the PSI provided additional evidence, we will affirm.

### Discussion

Under Article 1.15, a felony conviction may not be based on a guilty plea alone. Tex. Code Crim. Proc. Ann. art. 1.15. Rather, even when the defendant pleads guilty, the State must still introduce evidence of guilt. *Id.* Paudelchhetri contends that "no evidence was brought by the State" to show that he committed every element contained in the indictment and that "the record fails to show in any form that [he] committed the offense for which he has pled guilty."

However, under Article 1.15, the defendant may stipulate to the evidence

if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

*Id.*

Here, in accordance with Article 1.15, Paudelchhetri waived in writing his right to a jury trial and his right "to appearance, confrontation, and cross-examination of witnesses," and he "consent[ed] to oral and written stipulations of evidence." He further signed a "Judicial Confession," which stated,

Upon my oath, I swear my true name is SURESH PAUDELCHHETRI and I am 37 years of age. *I have read the indictment or information filed in this case[,] and I committed each and every act alleged therein*, except those waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense(s) as well as all lesser included offenses. Specifically, I understand what I am charged with and plead guilty to the charge listed on page one of this document. [Emphasis added.]

Any and all enhancement and habitual allegations set forth in the indictment or information are true and correct and I understand my range of punishment is as follows:
SECOND DEGREE FELONY: imprisonment for a term of not more than 20 years or less than 2 years in the Texas Department of Criminal Justice; and in addition, a fine not to exceed $10,000 may be assessed. [Underline in original.]

Any and all deadly weapon allegations are true and correct. All other affirmative findings made by the Court pursuant to this plea agreement are true and correct. I further admit my guilt on any unadjudicated offenses set forth in the plea recommendation set out above, and request the Court to take each into account in determining

3

my sentence for the instant offense(s). I swear to the truth of all of the foregoing and I further swear that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

When, as here, a defendant signs a judicial confession stating, "I have read the indictment or information filed in this case and I committed each and every act alleged therein," the judicial confession standing alone is sufficient to support a guilty plea. *Chindaphone v. State*, 241 S.W.3d 217, 219–20 (Tex. App.—Fort Worth 2007, pet. ref'd) (citing *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh'g) ("It is well settled that a judicial confession, [s]tanding alone, is sufficient to sustain a conviction upon a guilty plea.")).

Additionally, following the judicial confession, the parties and the trial court signed an agreement stating,

> In open court,[1] we join and approve the waiver of jury trial pursuant to Art. 1.13, TEXAS CODE OF CRIMINAL PROCEDURE and the stipulations of evidence pursuant to Art. 1.15, TEXAS CODE OF

---

[1]We have been provided with a record of the hearing at which Paudelchhetri was sentenced, but we do not have a record of the hearing at which the trial court accepted Paudelchhetri's plea because his written waivers included a waiver of the attendance and record of a court reporter at the plea proceeding. Nevertheless, the document signed by the parties and the trial court reflects that Paudelchhetri's judicial confession and written waivers were accepted in open court. *See Giddings v. State*, No. 02-19-00372-CR, 2021 WL 2373462, at *2, *3 (Tex. App.—Fort Worth June 10, 2021, pet. ref'd) (mem. op., not designated for publication) (stating that "Appellant may not both waive the making of the record and then subsequently complain about insufficient proof in the record" and noting that we may rely on the clerk's record in the absence of a reporter's record of the plea proceedings). Paudelchhetri does not address what happened at the plea proceeding or the trial court's taking of judicial notice. Rather, he argues that the State presented no evidence to support the plea at the subsequent punishment hearing.

CRIMINAL PROCEDURE. . . . It is agreed that the Court may take judicial notice of this document and the Court takes judicial notice of same.

"[W]hen the trial court takes judicial notice of a judicial confession, the State is not required to introduce the judicial confession into evidence." *Id.* at 219; *cf. Giddings*, 2021 WL 2373462, at *3 (considering similar signed agreement regarding trial court's taking judicial notice and parties' approval of stipulations in open court). The trial court took judicial notice of the judicial confession in this case, and therefore the State did not have to offer it into evidence.

Additionally, as Paudelchhetri acknowledges, the trial court considered the PSI. The PSI contains both the police version of events surrounding the charged offense and Paudelchhetri's version. The police version explained that as part of a joint investigation with other law enforcement agencies, an investigator with the Collin County Sheriff's Department had posted a phone number in an online ad, and when Paudelchhetri texted him at that number, the investigator posed as a 15-year-old girl. Under both versions of events, Paudelchhetri sent this person sexually explicit messages and arranged to meet the person for sex even though the person claimed to be fifteen years old.[2] *See* Tex. Penal Code Ann. § 33.021(a) (defining "minor" for

---

[2]In Paudelchhetri's version, he stated that he had gone online looking for an adult woman to meet for sex but that he kept messaging the investigator after being told "her" age because "she kept talking to [him] and [he] just forgot about it."

purposes of statute to include an individual whom the defendant believes to be younger than 17 years of age).

In summary, the trial court took judicial notice of the judicial confession, which embraced every element of the charged offense, and also considered the PSI, which provided additional evidence relevant to the offense elements. This evidence was sufficient to support Paudelchhetri's plea under Article 1.15. *See Giddings*, 2021 WL 2373462, at \*3–4. Accordingly, we overrule Paudelchhetri's sole point.

## Conclusion

Having overruled Paudelchhetri's sole point, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 3, 2024