

# NUMBERS   13-19-00134-CR & 13-19-00135-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JUSTIN JONES,**                                                                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                      **Appellee.**

### On appeal from the 214th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Tijerina
### Memorandum Opinion by Justice Tijerina

In appellate cause number 13-19-00134-CR, appellant Justin Jones pleaded guilty to aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). In appellate cause number 13-19-00135-CR, he pleaded guilty to one count of assault family violence with a previous conviction, a third-degree felony, and one count of aggravated assault of a family member with a deadly weapon, a first-

degree felony. *See id*. §§ 22. 01(b)(2), .02(b)(1). By his first issue in cause number 13-19-00134-CR, Jones argues that the evidence is insufficient to support his conviction for first-degree aggravated assault pursuant to Article 1.15 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15. In both causes, Jones contends that the sentences were excessive. We affirm in both cause numbers.

## I.   BACKGROUND

On February 28, 2019, Jones pleaded guilty to all three offenses without a plea agreement. Neither Jones nor the State called any witnesses at the sentencing hearing. Jones informed the trial court that he had a history of mental illness and requested deferred adjudication. After considering the evidence and argument of the parties, the trial court assessed punishment at twenty years' imprisonment for the second-degree felony; forty years for the first-degree felony; and ten years for the third-degree felony to run concurrently.

## II.   JUDICIAL CONFESSION

By his first issue in cause number 13-19-00134-CR, Jones argues that the evidence is insufficient to support his conviction for first-degree aggravated assault because he admitted to causing "bodily injury" as opposed to "serious bodily injury."

In connection with his guilty plea, Jones executed a judicial confession that provided,

> On this day in open Court, I, JUSTIN JONES, waive my right against self-incrimination and hereby judicially confess that on May 24, 2018, in Nueces County, Texas, I, JUSTIN JONES, then and there intentionally, knowingly, or recklessly cause[d] bodily injury to Manuela Aguilar by striking [Aguilar] with a deadly weapon, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a length of wood, during the commission of said assault,; did then and there intentionally, knowingly, and recklessly cause *bodily injury* to Manuela Aguilar, a person with whom the defendant had or

had had a dating relationship, as described by Section 71.0021 of the Texas Family Code, by striking Manuela Aguilar with defendant's hands and/or a length of wood, and before the commission of the charged offense, the defendant had previously been convicted of an offense under Chapter 22 of the Texas Penal Code, against a member of the defendant's family, as described by Section 71 of the Texas Family Code, to-wit: on the 1/25/2018, in the County Court at Law number 4 of Nueces County, Texas, in cause number 17MC-02837, I hereby agree and stipulate that the facts contained in this instrument and its attached exhibits, if any, are true and correct.

(Emphasis added.)

Texas Code of Criminal Procedure Article 1.15 provides,

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

TEX. CODE CRIM. PROC. ANN. art. 1.15. Evidence supporting a guilty plea "may take many forms," including a judicial confession or the defendant testifying in open court, where he admits his culpability or acknowledges generally that the allegations against him are true and correct. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).

Where, as here, the defendant specifically states in his judicial confession and stipulation to discovery that he has reviewed and acknowledged the "documents, reports, and information attached" and the attached indictment sets out the relevant elements of

the offense, evidence supporting a guilty plea has been satisfied. *Chindaphone v. State*, 241 S.W.3d 217, 220 (Tex. App.—Fort Worth 2007, pet. ref'd). The indictment against Jones charged that he "intentionally, knowingly, or recklessly cause[d] serious bodily injury to Manuela Aguilar by striking [her] in the head [with] a deadly weapon, to-wit: length of wood" at the time when he and Manuela were in a dating relationship. The indictment precisely tracked the statutory language of section 22.02 of the penal code. *See* Tex. Penal Code Ann. § 22.02.

In addition to Jones's judicial confession, Jones testified in open court that he understood the allegations against him "to the charge of first-degree felony, aggravated assault family violence with a deadly weapon." Moreover, he admitted his culpability regarding this charge.[1] After the trial court accepted his guilty plea, it reviewed evidence that Manuela was seen at a hospital after the assault, and it reviewed the police report, which provided that Jones used a 2x4 piece of wood, his fists, and his feet to injure Manuela. At sentencing, the trial court reiterated that Jones would be sentenced for "aggravated assault family violence with deadly weapon and serious bodily injury on count one" to which Jones acknowledged that he understood.

We conclude that Jones's signed judicial confession and stipulations as well as the evidence presented to the trial court, are sufficient to support "serious bodily injury." We therefore overrule his first issue in cause number 13-19-00134-CR.

### III.   SENTENCING

In cause numbers 13-19-00134-CR and 13-19-00135-CR, Jones argues that his

---

[1] The trial court asked Jones why he assaulted Manuela to which Jones responded, "I thought she was cheating on me and at the same time she was getting to my head like saying a lot of negative stuff towards me."

sentences were excessive.

The right to be free from cruel and unusual punishment can be waived by failure to object. *See Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) (en banc); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd) (holding that the defendant waived his cruel and unusual punishment argument by failing to object); *see also Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that by failing to object, the appellant did not preserve an argument that the sentence was grossly disproportionate to offense). To preserve a complaint of cruel and unusual punishment, the defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *See* TEX. R. APP. P. 33.1(a); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland*, 264 S.W.3d at 151–52; *see also Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection.").

Jones did not object when the trial court imposed the sentences and did not complain in any post-trial motion that the sentences were excessive or violated the Eighth Amendment.[2] Thus, Jones failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Smith*, 721 S.W.2d at 855; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479. Even if Jones had

---

[2] We note that Jones filed a motion for new trial based on ineffective assistance of counsel stating his attorney failed to introduce mitigating evidence at sentencing. The trial court denied the motion for new trial.

preserved error for our review, he was convicted of aggravated assault with a deadly weapon, a first-degree felony, which is punishable by imprisonment for life or for any term of not more than ninety-nine years or less than five years; aggravated assault with a deadly weapon, a second-degree felony, which is punishable by imprisonment for any term of not more than twenty years or less than two years; and assault family violence with a previous conviction, a third-degree felony, which is punishable by imprisonment for any term of not more than ten years or less than two years. *See* TEX. PENAL CODE ANN. §§12.32–.34. Therefore, his sentences of forty, twenty, and ten years are within the punishment range. *See Trevino*, 174 S.W.3d at 927. We overrule Jones's issue in both appellate cause numbers.

## IV.    CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of March, 2020.